**COMMISSIONER OF INTERNAL REVENUE, Petitioner,**

v.

**Elmer REISE, Respondent.**

**No. 13497.**

United States Court of Appeals Seventh Circuit.

Feb. 27, 1962.

Louis F. Oberdorfer, Asst. Atty. Gen., Sharon L. King, Lee A. Jackson, Harry Baum, Attys., Tax Div., U. S. Dept. of Justice, Washington, D. C., for petitioner.

Paul P. Lipton, Milwaukee, Wis., for respondent.

Before HASTINGS, Chief Judge, and DUFFY and SWYGERT, Circuit Judges.

DUFFY, Circuit Judge.

This is an appeal by the Commissioner of Internal Revenue (Commissioner) from a decision of the Tax Court holding certain items hereinafter described were deductible in computing a net operating loss carryback from 1949 to 1947 under the provisions of section 122(d) of the 1939 Revenue Code, 26 U.S.C.A. § 122(d).

From 1945 through 1949 taxpayer, operating as a sole proprietor, was engaged in business as a dealer in hides and skins. He also had some other business interests. His Federal and State income tax returns for 1945, 1946 and 1947 were prepared on a cash basis method of accounting.

The Commissioner determined deficiencies in taxpayer's Federal income taxes for 1945 through 1947. Substantially all of the deficiencies arose from the Commissioner's determination that taxpayer's income from the sale of hides and skins should have been reported on an accrual rather than a cash basis. The Wisconsin Department of Taxation also determined deficiencies in taxpayer's State income taxes from 1945 through 1947.

The opinion of the Tax Court may be found in 35 T.C. 571. The opinion covers the issues completely and was reviewed by the entire Tax Court. As we find ourselves in agreement with the Tax Court's opinion and decision, it is unnecessary for us here to do more than briefly refer to that opinion to indicate the issues decided.

There is no disagreement as to the facts, and we quote from and adopt the statement thereof in the headnote of the Tax Court's opinion: "During 1949 the petitioner paid his Wisconsin State income tax for 1948, deficiencies in his State income taxes for 1945 through 1947, interest on deficiencies in his State and Federal income taxes for 1945 through 1947, and legal fees incurred in connection with State and Federal investigations of his income tax liability to the respective entities for 1945 through 1947 which resulted in the determination of deficiencies in his State and Federal income taxes for those years. The State income tax for 1948 and the deficiencies in State and Federal income taxes for 1945 through 1947 were imposed with respect to business income."

The Tax Court held that the State income tax for 1948, the deficiencies in the State income taxes, interest on the deficiencies in both State and Federal income taxes and the legal expenses incurred were ordinary and necessary expenses of the trade or business regularly carried on by the taxpayer; that such expenses were attributable to the operation of such trade or business and were properly deductible in computing the net operating loss carryback pursuant to section 122, Internal Revenue Code of 1939. We agree.

Judgment of the Tax Court is Affirmed.