**James L. REDLARK; Cheryl L. Redlark, Petitioners–Appellees,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellant.**

**No. 96–70398.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 7, 1997.

Decided April 10, 1998.

Charles Bricken, Tax Division, Department of Justice, Washington, DC, for the respondent-appellant.

Clare Golnick, Clare Golnick Professional Corporation, Reno, Nevada, for the petitioners-appellees.

Before: FLETCHER, BOOCHEVER and REINHARDT, Circuit Judges.

FLETCHER, Circuit Judge:

The Commissioner of Internal Revenue appeals the decision of the tax court striking

down Temporary Treasury Regulation § 1.163–9T(b)(2)(i)(A). That regulation disallows the deduction of interest paid on overdue individual income taxes, even when the source of the personal income that gives rise to the tax deficiency is a business or trade. Plaintiffs James and Cheryl Redlark claim that the regulation is in conflict with the relevant provision of the tax code, 26 U.S.C. ("I.R.C.") § 163(h)(2)(A). A sharply divided tax court accepted the Redlarks' position. *See Redlark v. C.I.R.*, 106 T.C. No. 2, 1996 WL 10243 (1996). The only other circuit to address this question, however, has concluded that the regulation constitutes a permissible construction of a facially ambiguous statutory provision. *See Miller v. U.S.*, 65 F.3d 687 (8th Cir.1995). We agree with the Eighth Circuit and reverse the decision of the tax court.

## I.

The facts in this case are not in dispute, so we summarize them only briefly. Between 1979 and 1985, James and Cheryl Redlark operated an unincorporated business, Carrier Communications, that installed telephone equipment. The Redlarks kept the books and records of the business using the accrual method of accounting. They reported the income and expenses on their joint federal income tax returns, however, using the cash-basis method of accounting. When the Internal Revenue Service examined the Redlarks' returns for these years, it determined that extensive adjustments were necessary. After the parties settled several tax shelter issues and corrected various accounting errors, the adjustments resulted in additional assessments for tax, penalties, and interest for the years 1982–84.

The interest on these assessments amounted to $361,345 for 1982, $42,279 for 1984, and $42,126 for 1985. The Redlarks made the interest payments in installments from 1987 to 1990. They then claimed deductions on their personal income tax returns for portions of the interest payments: On their 1989 return, they claimed a business expense of $195,463 based on the interest paid in that year on their 1982, 1984 and 1985 tax deficiencies; and in 1990, they claimed $23,323 as

a business expense for the interest paid on their 1985 deficiency. These deductions represented the interest payments on the portions of the deficiencies that the Redlarks determined to have resulted from accounting errors and that were thus (they asserted) allocable to Carrier Communications. During an audit of the Redlarks' 1989 and 1990 returns, however, the Commissioner determined that none of the interest on tax deficiencies was properly deductible. The controlling regulation, Temporary Treasury Regulation § 1.163–9T(b)(2)(i)(A), specifies that interest on income tax deficiencies is not attributable to a taxpayer's conduct of trade or business, regardless of the source of the income, but rather is "personal interest" within the meaning of I.R.C. § 163(h).

The issue before us is whether § 1.163–9T(b)(2)(i)(A) is a permissible interpretation of I.R.C. § 163(h). On its face, I.R.C. § 163(h) does not address the deductibility of interest payments on business-related personal income tax deficiencies. The statute simply disallows deductions for all "personal interest," unless the interest in question is "paid or accrued on indebtedness *properly allocable* to a trade or business (other than the trade or business of performing services as an employee)." I.R.C. § 163(h)(2)(A) (emphasis added). In promulgating Temporary Treasury Regulation § 1.163–9T(b)(2)(i)(A), the Commissioner took the position that interest on personal income tax deficiencies always constitutes a personal obligation and so is never "properly allocable to a trade or business." The parties agree that the disputed interest amounts are not deductible under the regulation. The parties disagree vigorously as to whether the regulation constitutes a valid interpretation of the Internal Revenue Code.

## II.

This dispute centers on the meaning of the words, "properly allocable," in I.R.C. § 163(h)(2)(A). The Redlarks argue that those words refer narrowly and unambiguously to questions of accounting practice. Prior to the addition of § 163(h)(2)(A) to the tax code in the Tax Reform Act of 1986, they explain, there was a consistent body of case

law holding that interest on business-related personal income tax deficiencies was deductible, provided that the deficiencies constituted an ordinary and necessary expense in the conduct of the business. *See* I.R.C. § 162(a) ("There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business...."); *Reise v. Commissioner,* 35 T.C. 571, 1961 WL 1350 (1961), *aff'd,* 299 F.2d 380 (7th Cir.1962); *Polk v. Commissioner,* 31 T.C. 412, 1958 WL 1213 (1958), *aff'd,* 276 F.2d 601 (10th Cir. 1960); *Standing v. Commissioner,* 28 T.C. 789, 1957 WL 1159 (1957), *aff'd,* 259 F.2d 450 (4th Cir.1958). *See also Miller v. U.S.,* 65 F.3d 687, 690 (8th Cir.1995) ("Prior to the 1986 Tax Reform Act, courts consistently held that tax deficiency interest arising from business income was deductible as an ordinary and necessary business expense under I.R.C. §§ 62(a)(1) and 162.") It is the Redlarks' position that Congress incorporated this body of case law into I.R.C. § 163(h)(2)(A) when it used the words, "properly allocable." Under their reading, those words refer only to the "propriety," from an accounting standpoint, of "allocating" personal income tax deficiencies to the conduct of a trade or business. The statute must be read, the Redlarks argue, to incorporate the pre-1986 case law and thus to provide unambiguously that interest from income tax deficiencies is deductible when the deficiencies in question constitute an ordinary and necessary expense in the relevant trade or business.

According to the Commissioner, however, the Redlarks' reading of I.R.C. § 163(h)(2)(A) is far too narrow. It is the Commissioner's position that the words, "properly allocable," are deliberately ambiguous and constitute a delegation of authority to the Commissioner to determine when an expense may "properly" be "allocated" to a trade or business and when it may not. That determination, the Commissioner argues, may legitimately involve questions of accounting policy, provided that the policies that the Commissioner promotes are consistent with other provisions of the statute and the purpose of the Code as a whole. Thus, while the Redlarks may have provided a reasonable argument for the proposition that their personal income tax deficiencies should "properly" be considered "allocable" to their business as an accounting matter, theirs is not the only reasonable construction of the phrase "properly allocable," its pedigree from earlier tax court decisions notwithstanding. Rather, the Commissioner argues, the I.R.S. has determined, as a matter of general policy, that personal income tax always constitutes a personal obligation so that deficiencies in meeting that obligation are never "properly allocable" to the taxpayer's trade or business. It is the Commissioner's position that such a determination constitutes an appropriate exercise of the authority that Congress delegated to the Commissioner by using a deliberately ambiguous term in the statute.

■■■ We agree with the Commissioner. It is not our function to determine what would be the best or most advisable method for the Commission to employ in implementing the tax code. "Congress has delegated to the Commissioner, not to the courts, the task of prescribing all needful rules and regulations for the enforcement of the Internal Revenue Code." *United States v. Correll,* 389 U.S. 299, 307, 88 S.Ct. 445, 449–50, 19 L.Ed.2d 537 (1967). So long as the Commissioner issues regulations that "implement the congressional mandate in some reasonable manner," *Rowan Cos. v. United States,* 452 U.S. 247, 252, 101 S.Ct. 2288, 2292, 68 L.Ed.2d 814 (1981), we must defer to the Commissioner's interpretation. Only if the code has a meaning that is clear, unambiguous, and in conflict with a regulation does a court have the authority to reject the Commissioner's reasoned interpretation and invalidate the regulation. *See Chevron U.S.A. v. Natural Resources Defense Council,* 467 U.S. 837, 841–44, 104 S.Ct. 2778, 2780–83, 81 L.Ed.2d 694 (1984). "If Congress has explicitly left a gap for the agency to fill, there is an express delegation of authority to the agency to elucidate a specific provision of the statute by regulation." *Id.* at 843–44, 104 S.Ct. at 2782. Where this is so, prior decisions of reviewing courts that seem to have favored a different interpretation of the statute will not override the agency's reasonable

construction. *See id.* at 841–42, 104 S.Ct. at 2780–81. Rather, "legislative regulations are given controlling weight unless they are arbitrary, capricious, or manifestly contrary to the statute." *Id.* at 844, 104 S.Ct. at 2782. *See also NationsBank of North Carolina, N.A. v. Annuity Life Ins.*, 513 U.S. 251, 256–57, 115 S.Ct. 810, 813–14, 130 L.Ed.2d 740 (1995).

■ As an initial matter, we find untenable the Redlarks' assertion that the words, "properly allocable," unambiguously specify that interest on business-related personal income tax deficiencies should be deductible. The Eighth Circuit has stated the matter succinctly.

> I.R.C. § 163(h)(2)(A) generally disallows any deduction for personal interest paid or accrued by a noncorporate taxpayer. Personal interest is defined as any interest with specified exceptions including interest on debt allocable to a trade or business. The provision, however, does not define what constitutes business interest. Therefore, there is an implicit legislative delegation of authority to the Commissioner to clarify whether income tax deficiency interest is "properly allocable to a trade or business."

*Miller*, 65 F.3d at 690. When Congress uses such broad, generalized language in defining an important term in a statute, a claimant must make a compelling argument, based on the language and history of the statute itself, that Congress can only have intended one meaning to attach to that language before we will find that the administering agency has no authority to employ a different construction. The Redlarks have offered no such compelling arguments.[1]

■ Contrary to the Redlarks' assertions, the fact that courts consistently allowed the type of deduction they are now seeking before the enactment of the Tax Reform Act of 1986 and its implementing regulations does not lend support to the argument that such a deduction must continue to be allowable under the new statute. Congress regularly affords administrative agencies leeway in which to change or modify their regulations in response to changing economic conditions and policy concerns. That is the entire point of a delegation of limited policy-making authority under an ambiguously worded statute. "An initial agency interpretation is not instantly carved in stone. On the contrary, the agency, to engage in informed rulemaking, must consider varying interpretations and the wisdom of its policy on a continuing basis." *Chevron*, 467 U.S. at 863–64, 104 S.Ct. at 2792. Thus, an agency may "from time to time change[ ] its interpretation" of a statutory term without calling into question its authority to interpret that term. *Id.* at 863, 104 S.Ct. at 2792. If an agency's own previous gloss on an ambiguous statute does not render the statute any the less a proper object of interpretation, neither does the pre-

---

1. We note that the "properly allocable" language was not a part of the Tax Reform Act as originally drafted, but entered the Code by amendment in 1988. Originally, I.R.C. § 163(h)(2) provided:

> For purposes of this subsection, the term "personal interest" means any interest allowable as a deduction under this chapter other than—
>
> (A) interest paid or accrued on indebtedness incurred or continued in connection with the conduct of a trade or business (other than the trade or business of performing services as an employee).

I.R.C. § 163(h)(2) (1986). Congress amended this definition in the Technical and Miscellaneous Revenue Act of 1988, Pub.L. No. 100-647, 102 Stat. 3342, 3390. That Act replaced the words, "incurred or continued in connection with the conduct of a trade or business," with the "properly allocable" language that is now before us. Clearly, the original language of the statute would have strengthened, at least to some extent, the Redlark's position that Congress intended for interest incurred on business-related expenses, perhaps including ordinary tax deficiencies on personal income derived from a trade or business, to be deductible.

As is so frequently the case, one could use this amendment of the statutory language to craft arguments militating either in favor of a finding of ambiguity, or against it. One could argue, for example, that Congress intended to change the import of § 163 by replacing the original, specific language with the more general "properly allocable;" or, alternatively, that a change effected in a "Technical and Miscellaneous Revenue Act" is merely ministerial, such that "properly allocable" should be read in harmony with the more specific language that preceded it. While we find the former argument to be the more persuasive, we expressly do not depend upon it in reaching our decision today. We simply rely on the statutory language in its current form.

vious gloss of a reviewing court do so. *See also id.* at 841–42, 104 S.Ct. at 2780–81.

■ Having determined that the term, "properly allocable," is subject to interpretation by the Commissioner, we now must decide whether Temporary Treasury Regulation § 1.163–9T(b)(2)(i)(A) represents a reasonable interpretation of the term. We have little trouble in doing so. As the Eighth Circuit noted, the legislative history that attended the enactment of I.R.C. § 163(h) is entirely consonant with the Commissioner's conclusion that personal income tax obligations are always essentially personal in nature. *See Miller,* 65 F.3d at 690–91. In explaining the import of I.R.C. § 163(h), the report of the Conference Committee says that "[p]ersonal interest also generally *includes* interest on tax deficiencies." H.R. Conf. Rep. No. 841, 99th Cong., 2d See. II–154. There is no suggestion in the report that Congress intended to preserve an exception for interest on income tax deficiencies that arise in the ordinary course of a business.[2]

■ The General Explanation of the Tax Reform Act of 1986 likewise supports the Commissioner's interpretation of the Code. *See* Staff of the Joint Committee on Taxation, 100th Cong., 1st Sess., *General Explanation of the Tax Reform Act of 1986* 266 (Comm. Print 1987). While such post-enactment explanations cannot properly be described as "legislative history," they are at least instructive as to the reasonableness of an agency's interpretation of a facially ambiguous statute. *See Miller,* 65 F.3d at 690;

*Estate of Wallace v. Commissioner,* 965 F.2d 1038, 1050–51 n. 15 (11th Cir.1992); *McDonald v. Commissioner,* 764 F.2d 322, 336 n. 25 (5th Cir.1985). In this case, the general explanation clearly supports the Commissioner's interpretation, providing that "[p]ersonal interest also includes interest on underpayments of individual Federal, State or local income taxes notwithstanding that all or a portion of the income may have arisen in a trade or business, because such taxes are not considered derived from the conduct of a trade or business." *General Explanation, supra,* at 266; *see also id.* at 266 n. 60 ("Personal interest does not include interest on taxes, *other than income taxes,* that are incurred in connection with a trade or business.") (emphasis added); *Miller,* 65 F.3d at 690–91.

■ All that the Redlarks have done to support their argument that the Commissioner's interpretation of the Code is an unreasonable one is to point once again to the consistent practice, prior to 1986, of allowing deductions on income tax deficiency interest of the kind that they seek here. But, as we have explained, the fact that the reasonable construction that an agency adopts in interpreting an ambiguous statute is inconsistent with past interpretations or the past practice of the agency does not, without more, call into question the propriety or the reasonableness of the new construction. *See Chevron,* 467 U.S. at 863–64, 104 S.Ct. at 2791–92; *see also National Muffler Dealers Assoc. v. United States,* 440 U.S. 472, 485–86, 99 S.Ct. 1304, 1311–12, 59 L.Ed.2d 519 (1979).

---

**2.** The tax court concluded that the word "generally" in this statement by the committee constitutes *a term of limitation,* reasoning that it "signals that not all interest relating to income tax, etc., deficiencies are included in 'personal interest.'" *Redlark v. C.I.R.,* 106 T.C. No. 2, at 23, 1996 WL 10243 (1996). The tax court then read into that one word the unambiguous proposition that non-deductible personal interest does *not* include interest "that constitutes an ordinary and necessary business expense and is therefore 'allocable to an indebtedness of a trade or business.'" *Id.*

The tax court majority may have provided a reading of the legislative history that could support a reasonable alternative construction of the statute. If the Commissioner's interpretation of the statute is a reasonable one, however, then the

inquiry of the reviewing court comes to an end. To the extent that the word "generally" in the committee report should inform the court's decision as to the reasonableness of the Commissioner's interpretation, that word is easily harmonized with the Commissioner's position. As Judge Ruwe cogently pointed out in his dissenting opinion for the tax court, "the word 'generally' modifies 'tax deficiencies,' not '*income* tax deficiencies.' The term 'tax deficiencies,' which also includes estate and gift tax deficiencies, is obviously broader than the term 'income tax deficiencies.'" *Id.* at 46 (Ruwe, J., dissenting). *See also* Temp. Treas. Reg. § 1.163–9T(b)(2)(iii)(A). Since the legislative history supports the Commissioner's construction of the statute, it provides no assistance to the Redlarks.

Temporary Treasury Regulation § 1.163–9T(b)(2)(i)(A) represents a reasonable interpretation of a facially ambiguous statute. It is neither arbitrary, capricious, nor in conflict with any other statutory provision or the purposes of the Code as a whole. That being so, our inquiry is at an end.

We REVERSE the decision of the tax court and REMAND for further proceedings consistent with this opinion. REVERSED and REMANDED.