**PUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

RICHARD R. ALLEN, SR., a resident
of Fayetteville, NC,
<u>Plaintiff-Appellee,</u>

v.

No. 98-1401

UNITED STATES OF AMERICA, acting
by and through the Internal
Revenue,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
James C. Fox, District Judge.
(CA-96-909-5-F2)

Argued: October 27, 1998

Decided: April 20, 1999

Before WILKINSON, Chief Judge, and ERVIN and
WILKINS, Circuit Judges.

_____

Reversed by published opinion. Judge Ervin wrote the opinion, in
which Chief Judge Wilkinson and Judge Wilkins joined.

_____

**COUNSEL**

**ARGUED:** Charles Bricken, Tax Division, UNITED STATES
DEPARTMENT OF JUSTICE, Washington, D.C., for Appellant.
David D. Dahl, MANNING, FULTON & SKINNER, P.A., Raleigh,

North Carolina, for Appellee. **ON BRIEF:** Loretta C. Argrett, Assistant Attorney General, Janice McKenzie Cole, United States Attorney, Jonathan S. Cohen, Tax Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellant.

_____

**OPINION**

ERVIN, Circuit Judge:

The Internal Revenue Service (IRS) and taxpayer Allen dispute whether § 163(h) of the Internal Revenue Code (I.R.C.) of 1986 is facially ambiguous, and further, whether Temp. Treas. Reg. § 1.163-9T(b)(2)(i)(A), which prohibits the deduction of individual income tax deficiency interest, is a valid regulation. See I.R.C. § 163(h) (1986); Temp. Treas. Reg. § 1.163-9T (1987). The district court found for Allen, ruling that the language of § 163(h) is clear, unambiguous, and in conflict with Temp. Treas. Reg.§ 1.163-9T(b)(2)(i)(A).

As the expert agency charged with administering the Internal Revenue Code, the Treasury may promulgate reasonable regulations for the purpose of implementing ambiguous Code provisions. We find without doubt that I.R.C. § 163(h) is facially ambiguous; we also find Temp. Treas. Reg. § 1.163-9T(b)(2)(i)(A) to be a reasonable construction of I.R.C. § 163(h). Accordingly, we reverse the district court and hold that an individual taxpayer may not deduct income tax deficiency interest, regardless of the source of the income.

I.

With the Tax Reform Act of 1986, Congress largely eliminated the deduction for personal interest under the U.S. Tax Code. Pursuant to a provision of this Act, I.R.C. § 163(h), individual taxpayers may no longer deduct interest on indebtedness, with the exception of "interest paid or accrued on indebtedness properly allocable to a trade or business." I.R.C. § 163(h)(2)(A).

The Treasury has issued regulations implementing I.R.C. § 163(h); one such regulation includes within the scope of non-deductible per-

2

sonal interest any interest paid "on underpayments of individual Federal, State, or local income taxes ... regardless of the source of the income generating the tax liability." Temp. Treas. Reg. § 1.163-9T(b)(2)(i)(A).

In 1995 the IRS denied Taxpayer Allen a deduction for his payment of income tax deficiency interest. Allen subsequently filed a tax refund suit in district court. The district court ruled that the language of I.R.C. § 163(h) is so unambiguous on its face that Temp. Treas. Reg. § 1.163-9T(b)(2)(i)(A) is per se invalid. The Government appeals from this judgment.

II.

The facts of this case are essentially uncontested. Allen is a real estate developer; he is also the director and majority shareholder of D.R. Allen & Son, Inc.( the "Company"), a North Carolina corporation in the business of general contracting. In August of 1983 the Company found itself in need of additional working capital, which it sought to borrow from First Union Bank. In his personal capacity as the owner of valuable real estate, Allen agreed to transfer certain of his properties to the Company, to provide an injection of equity and to serve as collateral for the First Union loan.

The two transfers at issue occurred in 1984. The first involved a partnership, Clarendon House, that held among its assets a tract of land upon which apartments were subsequently built. On January 1, 1984, Allen transferred his interest in the Clarendon House partnership to the Company. The Company sold the Clarendon House tract in May of 1984.

The second transfer involved a 52-acre parcel of land (the "Belk tract") upon which stood the Belk Service Center and the D.R. Allen & Son office building. In July of 1984 Allen entered a contract to sell the parcel for nearly $3.7 million. The closing date, originally scheduled for September of 1984, was later extended. Allen then transferred his interests in the land, the improvements, and the contract of sale to the Company. In October of 1984 the Company sold the tract pursuant to the modified contract of sale.

3

The Company reported the gain on the sale of the Clarendon House tract and the Belk tract on its corporate income tax return for 1984. The IRS eventually audited Allen and determined that he should have reported the gain on the sale of both properties on his own 1984 individual return. In September of 1992 the IRS assessed Allen an additional $833,664 of income tax due for the year 1984, with the deficiency arising primarily from the unreported gain on the sale of the Belk and Clarendon House tracts.

Allen petitioned the Tax Court for a redetermination of the deficiency. While the Tax Court proceeding was pending, Allen paid the government $1,000,000 toward his potential 1984 income tax liability, directing that $500,000 of this sum should be applied to interest on his as-yet undetermined deficiency. In 1993 the parties settled the Tax Court case, with Allen agreeing to an increase in his 1984 income tax liability of $541,882. The following year Allen filed an amended 1992 return and claimed a refund of $159,650 in 1992 income tax, based on a deduction from his 1992 income of the $500,000 paid to the IRS as interest on his 1984 deficiency.

In January of 1995 the IRS disallowed Allen's refund claim, noting in a letter of explanation that income tax deficiency interest is considered nondeductible personal interest pursuant to Temp. Treas. Reg. § 1.163-9T(b)(2)(i)(A). Allen challenged the IRS determination by filing the instant case in district court.

Following a bench trial the district court ruled in Allen's favor. The court concluded that Temp. Treas. Reg. § 1.163-9T(b)(2)(i)(A) contradicts the plain and unambiguous meaning of I.R.C.§ 163(h). See Allen v. United States, 987 F.Supp. 460, 468 (E.D.N.C. 1997). Given its view of the plain meaning of § 163(h), the district court declined to undertake any analysis of the statute's legislative history. See Allen, 987 F.Supp. at 466; see also Chevron U.S.A. v. Natural Res. Def. Council, Inc., 467 U.S. 837, 842-843 (1984) ("[i]f the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress").

Having invalidated Temp. Treas. Reg. § 1.163-9T(b)(2)(i)(A), the district court proceeded to find that Allen's $500,000 interest payment

4

was deductible as an ordinary and necessary expense of his real estate business. See Allen, 987 F.Supp. at 468.

III.

The validity of Temp. Treas. Reg. § 1.163-9T(b)(2)(i)(A) appears to be an issue of first impression in the Fourth Circuit, although taxpayers have litigated the issue elsewhere. We note that a sharply divided United States Tax Court refused to uphold the regulation in 1996, see Redlark v. Commissioner, 106 T.C. 31, 46 (1996); however, the Ninth Circuit later reversed this decision. See Redlark v. Commissioner, 141 F.3d 936, 941 (9th Cir. 1998). The Eighth Circuit has also judged Temp. Treas. Reg. § 1.163-9T(b)(2)(i)(A) to be a permissible construction of I.R.C. § 163(h). See Miller v. United States, 65 F.3d 687 (8th Cir. 1995).

We begin our own inquiry by asking whether the statute is facially ambiguous. Ordinarily we give great deference to the Commissioner's interpretation of ambiguous Code provisions; thus when a statute is ambiguous we must uphold any Treasury regulation that implements the statutory purpose in some reasonable manner. See Rowan Cos. v. United States, 452 U.S. 247, 252 (1981). Yet, on those occasions when Congress speaks unambiguously, we must overturn a regulation that clearly conflicts with the plain text of the statute. See NationsBank of N.C., N.A. v. Variable Annuity Life Ins. Co., 513 U.S. 251, 257 (1995) (citing Chevron, 467 U.S. at 843).

This is not such an occasion. As enacted, § 163(h) permits a deduction for personal interest only if such interest is deemed "properly allocable" to a trade or business. Congress did not see fit to define the term "properly allocable" in the context of personal interest, so in the absence of a statutory directive we conclude that § 163(h) is manifestly ambiguous.[1] As evidence that § 163 lacks a plain meaning, we need look no further than the sharply divergent opinions of the United

_____

[1] The Ninth Circuit has voiced a similar opinion, describing as "untenable" the assertion that the words "properly allocable" unambiguously render business-related income tax deficiency interest deductible. Redlark, 141 F.3d at 940.

5

States Tax Court, which could not agree upon a single reading of the statute. See Redlark, 106 T.C. at 31.

Taxpayer Allen persuaded the district court that§ 163(h) must be harmonized with an antecedent line of cases in which courts classed deficiency interest as a business expense for the purpose of calculating either adjusted gross income, see Standing v. Commissioner, 28 T.C. 789 (1957), aff'd, 259 F.2d 450 (4th Cir. 1958), or net operating loss. See Polk v. Commissioner, 31 T.C. 412 (1958), aff'd, 276 F.2d 601 (10th Cir. 1960). See also Reise v. Commissioner, 35 T.C. 571 (1961), aff'd, 299 F.2d 380 (7th Cir. 1962). In the opinion of the district court, these few cases "clearly establish[ed] that interest on a tax deficiency could be a deductible business expense." Allen, 987 F.Supp. at 465.

We decline to adopt the view that the Standing line controls the meaning of § 163(h), because those cases do not concern whether income tax deficiency interest is deductible per se. Under pre-1986 tax law, most forms of interest, including personal interest, were deductible. Standing, Polk, and Reise addressed how the taxpayer should treat an otherwise-permissible deduction when making specific line item computations.**2**

The holding of Standing must be limited to the calculation of adjusted gross income; the holdings of Polk and Reise to the calculation of net operating loss. We shall not attempt to distill from these three cases more comprehensive decision rules for interest allocation. As Judge Halpern of the Tax Court concluded in his Redlark dissent, to do so would be to allow a small tail to wag a very large dog. See Redlark, 106 T.C. at 73.

The 1986 Tax Reform Act fundamentally altered the tax character of personal interest, creating the presumption that such interest is non-

_____

**2** These cases do not establish that deficiency interest is always deductible when computing adjusted gross income or net operating loss; rather, the cases erect a high threshold for proof of a connection between the underlying indebtedness and the taxpayer's business. See Melinda L. Reynolds, Redlark v. Commissioner: A "Bird in the Hand" for NonCorporate Taxpayers? 47 Case. W. Res. L. Rev. 751, 759 (1997).

deductible. This sweeping change in the tax law casts doubt upon the contemporary relevance of the Standing cases.**3** Additionally, after the Treasury promulgated Temp. Treas. Reg. § 1.163-9T(b)(2)(i)(A), Congress re-wrote § 163(h) in less precise terms. As first enacted, § 163(h) had permitted a deduction for interest "incurred or continued in connection with the conduct of a trade or business." In 1988 Congress deleted the words "incurred or continued in connection with" and substituted the more general "properly allocable" language. See Technical and Miscellaneous Revenue Act of 1988, Pub.L. No. 100-647, 102 Stat. 3342, 3390. This retroactive amendment, whatever its purpose, rendered the meaning of § 163(h) even less certain.

IV.

Because we find that § 163(h) is ambiguous on its face, we next examine whether Temp. Treas. Reg. § 1.163-9T(b)(2)(i)(A) is a permissible construction of the statute. See Chevron, 467 U.S. at 843. In so doing, we need not conclude that the regulation in question is the only, or even the best possible means of implementing the statute. See id. at 843 n.11. Instead, we simply ask whether the administrative interpretation embodied in Temp. Treas. Reg. § 1.163-9T(b)(2)(i)(A) is reasonable. See Chevron, 467 U.S. at 845.

Temp. Treas. Reg. § 1.163-9T(b)(2)(i)(A) must be read in conjunction with Temp. Treas. Reg. § 1.163-8T, which provides tracing rules for the allocation of interest expenditures. Under§ 1.163-8T, interest is allocated in the same manner as the debt to which it relates; the underlying debt is allocated based upon the taxpayer's use of the debt proceeds. See Temp. Treas. Reg. § 1.163-8T(a)(3). In cases where the taxpayer does not actually receive the debt proceeds (e.g., deficiency interest), the IRS looks to the expenditure that gave rise to the debt, and subjects interest on the debt to any limitations governing the expenditure. See Temp. Treas. Reg. § 1.163-8T(c)(3)(iii).

_____

**3** As the Ninth Circuit observed in Redlark, "[c]ontrary to the Redlarks' assertions, the fact that courts consistently allowed the type of deduction they are now seeking before the enactment of the Tax Reform Act of 1986 and its implementing regulations does not lend support to the argument that such a deduction must continue to be allowable under the new statute." 141 F.3d at 940.

Pursuant to these allocation rules, deficiency interest is allocable to the payment of income taxes, an expenditure that is purely personal in nature. Income taxes are a personal expenditure because an individual's income tax obligation arises from all sources of income, not merely business income, and because the payment of income taxes is regarded, in an economic sense, as personal consumption, not as a cost of earning income.[4] It follows, therefore, that individual income tax deficiency interest is not "properly allocable" to a trade or business. In plain English, interest on an unpaid income tax debt is never a cost of doing business, because no taxpayer may claim that he or she is in the business of not paying taxes.

We find Temp. Treas. Reg. § 1.163-9T(b)(2)(i)(A) to be an eminently reasonable and easily administrable construction of § 163(h). No mention of § 163(h) in the legislative history of the Tax Reform Act would suggest otherwise. The authoritative history of the 1986 Tax Reform Act contains only a single reference to § 163(h) as it concerns tax deficiencies: a line in the Conference Committee report that states, "[p]ersonal interest also generally includes interest on tax deficiencies." H.R. Conf. Rep. No. 841, 99th Cong., 2nd Sess. II-154 (1986). This statement, otherwise unembellished, does not support the conclusion that Congress intended to exclude income tax deficiency interest allocable to a trade or business from the broader category of non-deductible personal interest.

The General Explanation of the Tax Reform Act of 1986 more directly contradicts the position of taxpayer Allen. This document, created after the enactment of the statute it explains, provides in pertinent part: "[p]ersonal interest also includes interest on underpayments of individual Federal, State, or local income taxes notwithstanding that all or a portion of the income may have arisen in a trade or business, because such taxes are not considered derived from . . . the trade or business." Staff of the Joint Committee on Taxation, 100th Cong., 1st Sess., General Explanation of the Tax Reform Act of 1986 (266 Comm. Print 1987).

_____

[4] Personal consumption includes spending for the necessities and luxuries of life. Under the I.R.C., such costs are presumptively non-deductible. See Marvin A. Chirelstein, Federal Income Taxation 96 (1997).

8

We recognize that the General Explanation is not controlling authority, but, in the absence of any clearer statement of legislative intent, this explanation of the statute, prepared by the joint committee staff, may nonetheless shed some light on the matter. The definition of "personal interest" in the General Explanation explicitly includes deficiency interest; this interpretation of the statute supports the position that the Treasury has taken in Temp. Treas. Reg. § 1.163-9T(b)(2)(i)(A).

Lastly, Allen reminds this Court that the Treasury's interpretation of § 163(h) disadvantages all taxpayers who operate their businesses as sole proprietors. If Allen is correct and the negative impact of Temp. Treas. Reg. § 1.163-9T(b)(2)(i)(A) is widespread, the failure of Congress to address the status of income tax deficiency interest, once the IRS had explicitly classed such interest as non-deductible, suggests, albeit indirectly, that legislators do not view Temp. Treas. Reg. § 1.163-9T(b)(2)(i)(A) as inconsistent with the statute.

V.

Section 163(h) of the Internal Revenue Code is facially ambiguous and in obvious need of interpretation. This unenviable task falls to the Department of the Treasury, not to the federal courts. Because we find that Temp. Treas. Reg. § 1.163-9T(b)(2)(i)(A) is a permissible, indeed, a reasonable construction of the statute, we reverse the decision of the district court and hold that individual income tax deficiency interest is a non-deductible personal expenditure.

REVERSED

9