T.C. Memo. 2001-212

UNITED STATES TAX COURT

CHRISTOPHER M. AND THEANNE K. WEIL, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5919-00.                    Filed August 9, 2001.

Christopher M. Weil, for petitioners.

Kenneth L. Bressler, for respondent.


MEMORANDUM OPINION

WELLS, Chief Judge: Respondent determined the following deficiencies in, addition to, and accuracy-related penalties with respect to petitioners' Federal income taxes for taxable years 1995 and 1996:

| | | Addition to Tax | Accuracy-related Penalties |
|---|---|---|---|
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6662 |
| 1995 | $72,792 | $11,258 | $12,968.00 |
| 1996 | 17,658 | -- | 3,531.60 |

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

After concessions by respondent,[1] we must decide the following issues:[2] (1) Whether petitioners are entitled to deductions for interest that they paid with respect to delinquent Federal income taxes for 1984, 1985, 1986, 1987, and 1993; (2) whether petitioners are liable for the addition to tax under section 6651(a) for 1995; and (3) whether petitioners are liable for an accuracy-related penalty under section 6662(a) for 1996.

## Background

The parties submitted the instant case fully stipulated pursuant to Rule 122. The stipulated facts are incorporated herein by reference and are found as facts in the instant case. Petitioners resided in Dallas, Texas, when they filed their petition.

---

[1]Respondent conceded the following items: (1) The adjustment in the notice of deficiency of $15,954 for alleged unreported interest income for 1995; (2) $26,136 of the total adjustment in the notice of deficiency for itemized deductions for 1996; and (3) the accuracy-related penalty under sec. 6662 in the amount of $12,968 for 1995.

[2]Certain computational issues also remain for 1995, resolution of which flows automatically from our resolution of the determinations in the notice that we address herein.

Petitioners were delinquent in paying their Federal income taxes for 1984, 1985, 1986, 1987, and 1993. During the taxable year 1995, petitioners paid $228,180.67 in statutory interest under section 6601(a) on the aforementioned delinquent Federal income tax liabilities.

On April 15, 1996, petitioners filed with the Internal Revenue Service (IRS) Form 4868, Application for Automatic Extension of Time To File U.S. Individual Income Tax Return. On August 14, 1996, petitioners filed with the IRS Form 2688, Application for Additional Extension of Time To File U.S. Individual Income Tax Return. The original due date of petitioners' 1995 tax return was April 15, 1996, and with extensions the due date was October 15, 1996. On June 16, 1997, petitioners filed their joint 1995 Federal income tax return.

Petitioners claimed deductions on their 1995 and 1996 tax returns for a portion of the $228,180.67 of statutory interest that they paid on their delinquent taxes during 1995. In particular, for 1995, petitioners reported $166,358 as an expense on Schedule C, Profit or Loss From Business, and $41,589 as an investment interest expense on Form 4952, Investment Interest Expense Deduction. Of the $41,589 reported on Form 4952, petitioners claimed a deduction of $18,674 on Schedule A, Itemized Deductions, of their 1995 return and carried over the

balance of $22,915 as an interest expense on Schedule A of their 1996 return.

In the notice of deficiency sent to petitioners for 1995 and 1996, respondent determined that the deductions that petitioners claimed for investment interest and Schedule C interest expenses represented nondeductible personal interest expenses under section 163(h).

Petitioners filed a petition contesting the notice of deficiency. When the instant case was called for trial, the parties agreed to submit the case as fully stipulated. The Court, pursuant to Rule 151, ordered the submission of briefs 75 days following trial. Petitioners failed to submit a brief. After respondent submitted an initial brief, the Court granted respondent's request for leave not to file a reply brief.

## Discussion

### Interest Deductions for Delinquent Payment of Taxes

Petitioners contend in their petition that their deductions were allowable as (1) interest paid or accrued on indebtedness properly allocable to a trade or business, or (2) investment interest. Respondent contends that the disputed amounts are nondeductible personal interest expenses. It is well settled that determinations made by the Commissioner to disallow deductions in a notice of deficiency normally are presumed to be correct, and the taxpayer bears the burden of proving that those

determinations are erroneous.  Rule 142(a); INDOPCO Inc. v. Commissioner, 503 U.S. 79, 84 (1992); Welch v. Helvering, 290 U.S. 111, 115 (1933).  The parties do not contend otherwise.

Section 163(a) allows individual taxpayers a deduction from taxable income for interest paid or accrued on indebtedness. Deductions for "personal interest", however, are not allowed for individual taxpayers.  Sec. 163(h)(1).  Section 163(h)(2)(a) excludes "interest paid or accrued on indebtedness properly allocable to a trade or business (other than the trade or business of performing services as an employee)" from the definition of "personal interest" in section 163(h)(1).  Section 163(h) does not directly address whether "personal interest" includes interest paid on Federal income tax deficiencies.

We have held that interest paid on delinquent Federal income tax liabilities is personal interest and nondeductible under section 163(h) where the interest is not proved to be a normal or usual incident of a business.  See Tippin v. Commissioner, 104 T.C. 518, 529 (1995).  In Tippin, the record was silent as to the source of income or other circumstances that gave rise to the underlying income tax deficiency.  Id. at 530.  In the instant case, the record fails to disclose that the interest paid on petitioners' delinquent income tax liabilities was attributable to indebtedness allocable to a trade or business or to their investment activity.  Because, as in Tippin, the instant record

is silent as to the sources of the delinquent tax liabilities, we sustain respondent's determination that the deductions for interest reported on petitioners' 1995 Federal income tax return are personal interest and not allowed.

Because we agree with respondent that petitioners failed to prove that the interest expense was incurred on indebtedness properly allocable to petitioners' trade or business or to their investment activities, we need not and do not consider sec. 1.163-9T(b)(2)(i)(A), Temporary Income Tax Regs., 52 Fed. Reg. 48409 (Dec. 22, 1987), in this case.[3]

Addition to Tax

Respondent determined that petitioners are liable for an addition to tax for 1995 pursuant to section 6651(a)(1), which imposes an addition to tax for a taxpayer's failure to file a required return on or before the date prescribed, including extensions.  The amount added to the tax under section 6651(a)(1) is 5 percent for each month or fraction thereof during which the return is late, up to a maximum of 25 percent.  The addition to tax is inapplicable, however, if the taxpayer's failure to file

---

[3]Sec. 1.163-9T(b)(2)(i)(A), Temporary Income Tax Regs., 52 Fed. Reg. 48409 (Dec. 22, 1987), states that personal interest includes interest "Paid on underpayments of individual Federal, State or local income taxes and on indebtedness used to pay such taxes (within the meaning of §1.168-8T), regardless of the source of the income generating the tax liability".  See Redlark v. Commissioner, 106 T.C. 31 (1996), revd. 141 F.3d 936 (9th Cir. 1998).

the return is due to reasonable cause and not due to willful neglect. Sec. 6651(a)(1). The taxpayer has the burden of proving the addition is improper. Rule 142(a); United States v. Boyle, 469 U.S. 241, 245 (1985).

With extensions, petitioners' return for taxable year 1995 was due on October 15, 1996. The parties have stipulated that petitioners filed their return for 1995 on June 16, 1997, approximately 8 months after it was due. The record is devoid of any showing that petitioners' failure to file timely was due to reasonable cause and not due to willful neglect. E.g., Williams v. Commissioner, 114 T.C. 136 (2000). Accordingly, we hold that petitioners are liable for the addition to tax determined under section 6651(a)(1).

Accuracy-Related Penalty

For 1996,[4] respondent determined that petitioners are liable for the accuracy-related penalty provided under section 6662(a), which imposes a 20-percent penalty on the portion of an underpayment of tax that is attributable to, inter alia, (1) negligence or disregard of rules or regulation or (2) any substantial understatement of income tax. The accuracy-related penalty does not apply to any portion of an underpayment for which there was reasonable cause and with respect to which the

---

[4]As stated above, respondent conceded the accuracy-related penalty for 1995.

taxpayer acted in good faith.  See sec. 6664(c); sec. 1.6664-4(a), Income Tax Regs.  Respondent's determination imposing the accuracy-related penalty is presumed correct, and petitioners must establish error in respondent's determination that they are liable for the penalty.  Rule 142(a); <u>Estate of Monroe v. Commissioner</u>, 104 T.C. 352, 366 (1995).

The record contains no evidence as to petitioners' reasonable cause or good faith for claiming the deductions in issue nor any other evidence that would show error in respondent's determination of the penalty.  Accordingly, we sustain respondent's determination that petitioners are liable for the accuracy-related penalty under 6662(a) for 1996.

To reflect the foregoing and respondent's concessions,

<u>Decision will be entered</u>

<u>under Rule 155</u>.