T.C. Memo. 2002-309

UNITED STATES TAX COURT

DANIEL V. ALFARO AND IRMA L. ALFARO, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8940-00.              Filed December 23, 2002.

Kenton E. McDonald, for petitioners.

Elizabeth Owen and Bruce M. Wilpon, for respondent.

MEMORANDUM OPINION

SWIFT, Judge:  Respondent determined a deficiency in
petitioners' Federal income tax for 1996 in the amount of
$31,717.

Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for the year in issue, and

all Rule references are to the Tax Court Rules of Practice and Procedure.

After concessions, the remaining issue for decision is whether petitioners for 1996 are entitled to deduct as nonpersonal business interest $1,527,695 in interest that petitioners paid to respondent in 1996 with respect to petitioners' Federal individual income tax liabilities for 1982 through 1988.

## Background

The facts of this case were submitted fully stipulated under Rule 122, and are so found.

At the time the petition was filed, petitioners resided in Corpus Christi, Texas. Hereinafter, all references to petitioner in the singular are to Daniel V. Alfaro.

During 1982 through 1996 (1996 being the year in issue herein), petitioner operated a law practice as a sole proprietorship.

After an audit by respondent with respect to petitioners' Federal individual income tax liabilities for 1982 through 1988, respondent determined and assessed against petitioners tax deficiencies for those years relating solely to additional income from petitioner's law practice. In 1995, petitioners entered into an agreement with respondent with respect to the above tax

deficiencies, and in 1996, petitioners paid to respondent a total of $1,527,695 in accrued statutory interest relating thereto.

The parties have stipulated and we find that petitioners' above income tax liabilities for 1982 through 1988 are properly allocable to petitioner's law practice. The stipulation reads as follows:

> The tax compromised by * * * [petitioners and respondent] was tax on income received by Petitioner in his Schedule C law practice for legal fees earned in connection with the settlement of a personal injury lawsuit. As such, the tax arose entirely from Petitioner's trade or business.

On petitioners' joint Federal individual income tax return for 1996, petitioners claimed an interest expense deduction on Schedule C, Profit or Loss From Business, relating to the above $1,527,695 in interest that petitioners paid to respondent in 1996.

After an audit relating to petitioners' 1996 Federal income tax return, on July 6, 2000, respondent issued to petitioners a notice of deficiency for 1996 in which respondent disallowed the above claimed $1,527,695 interest expense deduction.

## Discussion

Section 163(a) provides generally that taxpayers may deduct interest paid on an indebtedness. Section 163(h)(1), however, provides that individual taxpayers may not deduct "personal" interest.

Section 163(h)(2)(A) provides that interest paid on indebtedness properly allocable to a trade or business does not constitute personal interest.  In section 163 no distinction is made between interest paid on business-related indebtedness owed by individual taxpayers and interest paid on business-related indebtedness owed by other types of taxpayers.

Respondent's temporary regulation, however, provides that interest paid specifically on income tax liabilities of individuals, regardless of the source of the income or other adjustments to which the tax liabilities relate, is to be treated as personal interest.  Sec. 1.163-9T(b)(2)(i)(A), Temporary Income Tax Regs., 52 Fed. Reg. 48409 (Dec. 22, 1987).

Respondent argues that because the $1,527,695 in interest that petitioners paid to respondent in 1996 relates to petitioners' individual income tax liabilities, under section 1.163-9T(b)(2)(i)(A), Temporary Income Tax Regs., supra, that interest should be treated as nondeductible personal interest.

Petitioners contend that section 1.163-9T(b)(2)(i)(A), Temporary Income Tax Regs., supra, is invalid, that section 163(h)(2)(A) calls for an allocation of interest paid between business and nonbusiness interest without discrimination against taxpayers who are individuals, and that because the income giving rise to petitioners' tax liabilities for 1982 through 1988 is indisputably allocable to petitioner's trade or business (namely,

to petitioner's law practice), under section 163(a) and (h), the related $1,527,695 in interest paid on those tax liabilities is likewise allocable to petitioner's trade or business and should be deductible.

Petitioners cite Redlark v. Commissioner, 106 T.C. 31 (1996), revd. and remanded 141 F.3d 936 (9th Cir. 1998), and Kikalos v. Commissioner, T.C. Memo. 1998-92, revd. 190 F.3d 791 (7th Cir. 1999), and a body of presection 163(h) caselaw (see Reise v. Commissioner, 35 T.C. 571 (1961), affd. 299 F.2d 380 (7th Cir. 1962), Polk v. Commissioner, 31 T.C. 412 (1958), affd. 276 F.2d 601 (10th Cir. 1960), and Standing v. Commissioner, 28 T.C. 789 (1957), affd. 259 F.2d 450 (4th Cir. 1958)), in which cases it was held that individual taxpayers were entitled to deduct interest on their Federal income tax liabilities relating to income from a sole proprietorship business.

After trial and the filing of briefs in this case, we decided Robinson v. Commissioner, 119 T.C. 44 (2002), which also involved the deductibility of interest paid by an individual taxpayer to respondent with respect to the taxpayer's Federal income tax liability relating to income from the taxpayer's law practice. In Robinson, we concluded that section 1.163-9T(b)(2)(i)(A), Temporary Income Tax Regs., supra, is valid, that presection 163(h) caselaw was inapplicable, that we would no longer follow our opinion in Redlark v. Commissioner, 106 T.C. 31

(1996), and that interest paid on individual tax liabilities relating to income from a sole proprietorship is to be treated as nondeductible personal interest. Robinson v. Commissioner, supra at 46-49, 62, 75. Our conclusion in Robinson is in accord with opinions of the Courts of Appeals for the Fourth, Sixth, Seventh, Eighth, and Ninth Circuits and is controlling herein. See Kikalos v. Commissioner, 190 F.3d 791, 798-799 (7th Cir. 1999), revg. T.C. Memo. 1998-92; McDonnell v. United States, 180 F.3d 721, 723 (6th Cir. 1999); Allen v. United States, 173 F.3d 533, 538 (4th Cir. 1999); Redlark v. Commissioner, 141 F.3d 936, 937-938, 942 (9th Cir. 1998), revg. and remanding 106 T.C. 31 (1996); Miller v. United States, 65 F.3d 687, 691 (8th Cir. 1995).

Although strong arguments are available in support of the claimed deductions at issue herein (see the dissenting opinions in Robinson v. Commissioner, supra at 96-121), we are compelled to conclude in the instant case that the $1,527,695 in interest petitioners paid on their individual income tax liabilities relating to income from petitioner's law practice is to be treated as nondeductible personal interest.

For the foregoing reasons,

Decision will be entered for respondent.