**PURSUANT TO INTERNAL REVENUE CODE SECTION 7463(b),THIS OPINION MAY NOT BE TREATED AS PRECEDENT FOR ANY OTHER CASE.**

T.C. Summary Opinion 2013-14

UNITED STATES TAX COURT

THOMAS A. WAGONER, Petitioner <u>v.</u>
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5654-11S.                    Filed February 21, 2013.

Thomas A. Wagoner, pro se.

<u>Joline M. Wang</u>, for respondent.

SUMMARY OPINION

VASQUEZ, <u>Judge</u>:  This case was heard pursuant to the provisions of section

7463 of the Internal Revenue Code in effect when the petition was filed.[1]  Pursuant

_____

[1] Unless otherwise indicated, all section references are to the Internal
Revenue Code in effect for the years in issue.  All Rule references are to the Tax

(continued...)

to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined deficiencies of $7,852 and $27,610 and section 6662(a) accuracy-related penalties of $1,570 and $5,522 in petitioner's Federal income tax for 2007 and 2008, respectively. After concessions,[2] the issues remaining for decision are: (1) whether petitioner is entitled to deduct car and truck expenses for 2007 and 2008; (2) whether, with respect to his Federal income tax liabilities for 1996 to 2002, petitioner is entitled to deduct interest and penalties for 2008; and (3) whether petitioner is liable for accuracy-related penalties for 2007 and 2008.

---

[1](...continued)
Court Rules of Practice and Procedure. All amounts are rounded to the nearest dollar.

[2] Petitioner concedes that he failed to report income of $3,565 on Schedule F, Profit or Loss From Farming, for 2008. Petitioner further concedes that he is not entitled to deduct interest expenses for 2007 and travel expenses for 2007 and 2008 on Schedule C, Profit or Loss From Business. Respondent concedes that petitioner is entitled to deduct insurance expenses of $1,395 each year for 2007 and 2008 and tax and license expenses of $640 for 2007 and $984 for 2008 on Schedule C. The remaining adjustments in the notice of deficiency are computational and will be resolved under Rule 155.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the accompanying exhibits are incorporated herein by this reference. At the time he filed his petition, petitioner resided in Nebraska.

Petitioner, a self-employed attorney, failed to pay his Federal income tax for 1996 to 2002 after notice and demand for payment. Consequently, liens in favor of the United States arose and attached to all his property, including his personal residence. The Internal Revenue Service (IRS) filed notices of Federal tax lien on March 4, 2003, March 5, 2004, and June 19, 2007, in Hall County, Nebraska, and on December 19, 2006, and June 19, 2007, in Hitchcock County, Nebraska. On June 26, 2008, petitioner made a payment of $132,580 to the IRS, which included interest of $46,308 and penalties of $16,683 with respect to the unpaid tax liabilities.

During 2007 and 2008 petitioner operated a law practice in Nebraska as a sole proprietorship. He drove a BMW in 2007 and the first six months of 2008. On July 1, 2008, he traded in the BMW for a Lexus, which he drove for the second half of the year. He used the automobiles in his law practice and for his personal needs, but he did not keep any records separating the uses.

For each year in issue petitioner filed a Form 1040, U.S. Individual Income Tax Return, and attached a Schedule C for his law practice. For 2007 he claimed a deduction on Schedule C of $15,200 for car and truck expenses. For 2008 he claimed deductions on Schedule C of $11,700 for car and truck expenses, $51,045 for interest, and $14,790 for penalties.[3] Respondent disallowed these deductions in a notice of deficiency mailed to petitioner on December 7, 2010. Petitioner timely filed a petition with the Court contesting respondent's determinations.

## Discussion

### I. General Rules

The Commissioner's determinations are generally presumed correct, and the taxpayer bears the burden of proving the determinations erroneous.[4] Rule 142(a). The taxpayer bears the burden of proving that he or she is entitled to any deduction claimed, and this includes the burden of substantiation. Id.; Hradesky v. Commissioner, 65 T.C. 87, 89-90 (1975), aff'd per curiam, 540 F.2d 821 (5th Cir.

---

[3] Petitioner admitted at trial that the amounts of the deductions he claimed on his 2008 return for interest and penalties were in error, and he contended that he is entitled to deduct $46,308 for interest and $16,683 for penalties.

[4] Petitioner has neither claimed nor established that he satisfies the requirements of sec. 7491(a) to shift the burden of proof to respondent with regard to any factual issue.

1976).  A taxpayer must substantiate amounts claimed as deductions by maintaining the records necessary to establish he or she is entitled to the deductions.  Sec. 6001.

Section 162(a) provides a deduction for certain business expenses.  In order to qualify for the deduction under section 162(a), "an item must (1) be 'paid or incurred during the taxable year', (2) be for 'carrying on any trade or business', (3) be an 'expense', (4) be a 'necessary' expense, and (5) be an 'ordinary' expense." Commissioner v. Lincoln Sav. & Loan Ass'n, 403 U.S. 345, 352 (1971); see also Commissioner v. Tellier, 383 U.S. 687, 689 (1966) (the term "necessary" imposes "only the minimal requirement that the expense be 'appropriate and helpful' for 'the development of the [taxpayer's] business'" (alteration in original) (quoting Welch v. Helvering, 290 U.S. 111, 113 (1933))); Deputy v. du Pont, 308 U.S. 488, 495 (1940) (to qualify as "ordinary", the expense must relate to a transaction "of common or frequent occurrence in the type of the business involved").  Whether an expense is ordinary is determined by time, place, and circumstance.  Welch v. Helvering, 290 U.S. at 113-114.

If a taxpayer establishes that he or she paid or incurred a deductible business expense but does not establish the amount of the expense, we may approximate the amount of the allowable deduction, bearing heavily against the taxpayer whose

inexactitude is of his or her own making. <u>Cohan v. Commissioner</u>, 39 F.2d 540, 543-544 (2d Cir. 1930). However, for the <u>Cohan</u> rule to apply, there must be sufficient evidence in the record to provide a basis for the estimate. <u>Vanicek v. Commissioner</u>, 85 T.C. 731, 743 (1985). Certain expenses may not be estimated because of the strict substantiation requirements of section 274(d). <u>See</u> sec. 280F(d)(4)(A); <u>Sanford v. Commissioner</u>, 50 T.C. 823, 827-828 (1968), <u>aff'd per curiam</u>, 412 F.2d 201 (2d Cir. 1969).

II.     <u>Car and Truck Expenses</u>

Generally, passenger automobiles and any other property used as a means of transportation are listed property, <u>see</u> sec. 280F(d)(4)(A)(i) and (ii), and these expenses are subject to the strict substantiation requirements of section 274(d). Section 274(d) requires a taxpayer to substantiate the expenses by adequate records or other corroborating evidence of (1) the amount of each use (i.e., the mileage), (2) the time and place of the use, and (3) the business purposes of the use. <u>See</u> <u>Fessey v. Commissioner</u>, T.C. Memo. 2010-191, slip op. at 7; sec. 1.274-5T(b)(6), (c)(2), Temporary Income Tax Regs., 50 Fed. Reg. 46016-46017 (Nov. 6, 1985).

To satisfy the adequate records requirement of section 274(d), a taxpayer must maintain records and documentary evidence that in combination are

sufficient to establish each element of an expenditure or use. Sec. 1.274-5T(c)(2), Temporary Income Tax Regs., supra. Although a contemporaneous log is not required, corroborative evidence to support a taxpayer's reconstruction "of the elements * * * of the expenditure or use must have a high degree of probative value to elevate such statement and evidence to the level of credibility" of a contemporaneous record. Sec. 1.274-5T(c)(1), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985). In the absence of adequate records to substantiate each element of an expense, a taxpayer may alternatively establish an element by "his own statement, whether written or oral, containing specific information in detail as to such element", and by "other corroborative evidence sufficient to establish such element." Sec. 1.274-5T(c)(3), Temporary Income Tax Regs., 50 Fed. Reg. 46020 (Nov. 6, 1985). Section 274(d) overrides the Cohan rule with respect to section 280F(d)(4) "listed property" and thus specifically precludes the Court from allowing automobile expenses on the basis of any approximation or the taxpayer's uncorroborated testimony.

Petitioner claimed deductions of $15,200 and $11,700 for car and truck expenses on Schedule C for 2007 and 2008, respectively. He testified that he incurred expenses each year of approximately $9,000 for depreciation, $3,500 for fuel, $1,200 for insurance, and $1,000 for maintenance. He further testified that he

drove approximately 20,000 miles per year and "figured just slightly more than half of * * * [the] miles are driven for * * * work". The only documents that he introduced into evidence to substantiate the expenses are copies of the sales invoices for the BMW and the Lexus and a sales tax receipt for the Lexus. Except for some vague testimony, he did not introduce any evidence to establish the elements of time and place or business purpose. Furthermore, his testimony as to the mileage is just an approximation and is not corroborated by any other evidence. We do not doubt that petitioner incurred car and truck expenses for the years in issue; however, we find that he has not met the strict substantiation requirements of section 274(d). Accordingly, petitioner is not entitled to deduct the car and truck expenses for 2007 and 2008.

III.    Interest and Penalties With Respect to Federal Income Tax Liabilities

Section 163(a) allows a deduction for all interest paid or accrued within the taxable year on indebtedness. However, section 163(h) disallows deductions of personal interest paid or accrued during the taxable year in the case of a taxpayer other than a corporation. Personal interest is any interest allowable as a deduction other than interest listed in section 163(h)(2).

Qualified residence interest is excluded from the definition of personal interest and thus is deductible under section 163(a). See sec. 163(h)(2)(D).

Qualified residence interest is any interest that is paid or accrued during the taxable year on acquisition indebtedness or home equity indebtedness. See sec. 163(h)(3)(A). Acquisition indebtedness means any indebtedness which is incurred in acquiring, constructing, or substantially improving any qualified residence of the taxpayer and is secured by such residence. Sec. 163(h)(3)(B). Home equity indebtedness means any indebtedness (other than acquisition indebtedness) secured by a qualified residence to the extent the aggregate amount of such indebtedness does not exceed the fair market value of such qualified residence reduced by the amount of acquisition indebtedness with respect to such residence. Sec. 163(h)(3)(C). "A debt will not be considered to be secured by a qualified residence if it is secured solely by virtue of a lien upon the general assets of the taxpayer or by a security interest, such as a mechanic's lien or judgment lien, that attaches to the property without the consent of the debtor." Sec. 1.163-10T(o)(1) (flush language), Temporary Income Tax Regs., 52 Fed. Reg. 48417 (Dec. 22, 1987).

Petitioner contends that the interest with respect to his Federal income tax liabilities for 1996 to 2002 is deductible under section 163(h)(3)(C) as interest paid on home equity indebtedness because a Federal tax lien with respect to those liabilities attached to his personal residence. However, his argument is erroneous

insofar as neither a Federal tax lien nor the filing of a notice of Federal tax lien caused his tax indebtedness to be secured by a qualified residence.[5] See sec. 1.163-10T(o)(1) (flush language), Temporary Income Tax Regs., supra. Furthermore, section 1.163-9T(b)(2)(i)(A), Temporary Income Tax Regs., 52 Fed. Reg. 48409 (Dec. 22, 1987), specifically provides that interest paid on income tax liabilities of individuals, regardless of the source of the income or other adjustments to which the tax liabilities relate, is to be treated as personal interest.[6] We find that the interest petitioner paid with respect to his Federal income tax liabilities is nondeductible personal interest and not interest paid on home equity indebtedness. Petitioner has

---

[5] A Federal tax lien under sec. 6321 arises by operation of law when a taxpayer fails to pay an assessed tax liability after receiving a notice and demand for payment. Sec. 6322; Wadleigh v. Commissioner, 134 T.C. 280, 289-290 (2010). The lien attaches to all property and rights to property belonging to the taxpayer (i.e., his general assets). Sec. 6321. The IRS files a notice of Federal tax lien to preserve priority and put other creditors on notice. See sec. 6323.

[6] In Robinson v. Commissioner, 119 T.C. 44 (2002), we concluded that sec. 1.163-9T(b)(2)(i)(A), Temporary Income Tax Regs., 52 Fed. Reg. 48409 (Dec. 22, 1987), is valid, that pre-sec. 163(h) caselaw was inapplicable, that we would no longer follow our Opinion in Redlark v. Commissioner, 106 T.C. 31 (1996), rev'd, 141 F.3d 936 (9th Cir. 1998), and that interest paid on individual tax liabilities relating to income from a sole proprietorship is to be treated as nondeductible personal interest.

failed to cite any authority for his position that the penalties are deductible.[7]

Accordingly, petitioner is not entitled to deduct the interest and penalties for 2008.

IV.    Accuracy-Related Penalties

Section 6662(a) and (b)(1) imposes a penalty equal to 20% of the amount of any underpayment attributable to negligence or disregard of rules or regulations. The term "negligence" includes any failure to make a reasonable attempt to comply with the tax laws, and "disregard" includes any careless, reckless, or intentional disregard of rules or regulations.  Sec. 6662(c).  Negligence also includes any failure to keep adequate books and records or to substantiate items properly.  Sec. 1.6662-3(b)(1), Income Tax Regs.

Section 6664(c)(1) provides an exception to the imposition of the accuracy-related penalty if the taxpayer establishes that there was reasonable cause for, and the taxpayer acted in good faith with respect to, the underpayment.  Sec. 1.6664-4(a), Income Tax Regs.  The determination of whether the taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into

---

[7] Petitioner bears the burden of proving that he is entitled to any deduction claimed.  See Rule 142(a).  He seemed to argue at trial that the penalties are also deductible as having been paid on home equity indebtedness; however, we likewise reject this argument.  Additionally, sec. 162(f) specifically prohibits a business expense deduction under sec. 162(a) for any fines or penalties paid to a government for the violation of any law.

account the pertinent facts and circumstances. Sec. 1.6664-4(b)(1), Income Tax Regs.

With respect to a taxpayer's liability for any penalty, section 7491(c) places on the Commissioner the burden of production, thereby requiring the Commissioner to come forward with sufficient evidence indicating that it is appropriate to impose the penalty. Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001). Once the Commissioner meets his burden of production, the taxpayer must come forward with persuasive evidence that the Commissioner's determination is incorrect. See id. at 447; see also Rule 142(a); Welch v. Helvering, 290 U.S. at 115.

Petitioner failed to keep adequate records and to properly substantiate the car and truck expenses and the expenses that he conceded. He failed to report income on Schedule F, and he disregarded rules or regulations in claiming a deduction for the interest and penalties with respect to his Federal income tax liabilities for 1996 to 2002. Therefore, we find that respondent has met his burden of production. Petitioner offered no evidence that he acted with reasonable cause and in good faith. Accordingly, we find that petitioner is liable for the 20% accuracy-related penalty for 2007 and 2008.

In reaching our holdings herein, we have considered all arguments made, and, to the extent not mentioned above, we conclude they are moot, irrelevant, or without merit.

To reflect the foregoing,

Decision will be entered under Rule 155.