**David MILLER; Valeria Miller, Appellants,**

v.

**UNITED STATES of America, Appellee.**

**No. 94–3225.**

United States Court of Appeals, Eighth Circuit.

Submitted May 19, 1995.

Decided Sept. 7, 1995.

Douglas Christensen, Grand Forks, ND, argued (Garry A. Pearson, on the brief), for appellant.

Charles Bricken, Washington, DC, argued (Loretta C. Argrett, on the brief), for appellee.

Before MORRIS SHEPPARD ARNOLD, Circuit Judge, and ROSS and WOOD,* Senior Circuit Judges.

ROSS, Senior Circuit Judge.

Appellants David and Valeria Miller (taxpayers) appeal from a judgment entered in favor of the Government concluding that the taxpayers are not entitled to deduct from their gross income interest arising from an underlying income tax deficiency. After a careful review of the record, briefs and arguments of the parties, we affirm.

## I.

The taxpayers were assessed federal and state income tax deficiencies for the tax years 1982 and 1983, generated by adjustments to their reported farming income during those years. In 1988, the taxpayers paid $367,332 in interest on those deficiencies and deducted the interest payment from their 1988 income. The Internal Revenue Service (IRS) subsequently disallowed the interest deduction on the ground that such deficiency interest is nondeductible personal interest

---

* THE HONORABLE HARLINGTON WOOD, JR., United States Senior Circuit Judge for the Seventh Circuit, sitting by designation.

under I.R.C. § 163(h)(2)(A), 26 U.S.C. § 163(h)(2)(A), and assessed another tax deficiency in the amount of $61,709. The taxpayers paid the additional tax, together with accrued interest, and filed a claim for refund. The IRS disallowed the refund claim.

The district court affirmed the refund disallowance, but in making its determination, the district court held that Temp.Treas.Reg. § 1.163–9T(b)(2)(i)(A) (1987), relied on by the Government, is invalid to the extent that it provides that interest on an underpayment of noncorporate income tax is *per se* nondeductible personal interest. Instead, the court held the taxpayers could deduct the interest if they could show the underlying tax deficiency was an ordinary and necessary business expense. Following additional discovery, the court determined that the underlying tax deficiency that bore the interest in issue had resulted from the disallowance of what the court described as a "clearly improper income deferral scheme," and the deficiency therefore could not be deemed an ordinary and necessary incident of conducting a farming business. The court thus concluded the deficiency interest that the taxpayers paid in 1988 was not deductible.

## II.

Prior to the 1986 Tax Reform Act, courts consistently held that tax deficiency interest arising from business income was deductible as an ordinary and necessary business expense under I.R.C. §§ 62(a)(1) and 162. In 1986, however, Congress enacted § 163(h)(2)(A) as part of the Tax Reform Act of 1986, which disallows any deduction by a noncorporate taxpayer of "personal interest." "Personal interest" is defined by the statute as any interest, with specified exceptions including "interest paid or accrued on indebtedness properly allocable to a trade or business." 26 U.S.C. § 163(h)(2)(A).

The Commissioner subsequently issued temporary regulations implementing the provisions of the 1986 Code, including the disallowance of a deduction for personal interest, as well as the criteria for determining when interest relating to taxes is personal interest. These regulations provide that nondeductible personal interest includes interest "[p]aid on

underpayments of individual Federal, State or local income taxes ..., regardless of the source of the income generating the tax liability." Temp.Treas.Reg. § 1.163–9T(b)(2)(i)(A). Thus, the plain language of the regulation disallows the deduction of interest paid on individual income taxes even when the source of income is a trade or business. This regulation directly addresses the issue now before us and, if valid, is controlling.

■ The standards applicable to determining the validity of Treasury regulations are well established. "Congress has delegated to the Commissioner, not to the courts, the task of prescribing 'all needful rules and regulations for the enforcement' of the Internal Revenue Code." *United States v. Correll,* 389 U.S. 299, 307, 88 S.Ct. 445, 450, 19 L.Ed.2d 537 (1967) (citing 26 U.S.C. § 7805(a)). The regulations issued by the Commissioner are valid and must be upheld "if they implement the congressional mandate in some reasonable manner." *Rowan Cos., Inc. v. United States,* 452 U.S. 247, 252, 101 S.Ct. 2288, 2292, 68 L.Ed.2d 814 (1981) (citation omitted). Thus, a reviewing court is not free to set aside a regulation simply because it would have implemented the statute in a different manner. *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 843 n. 11, 104 S.Ct. 2778, 2782 n. 11, 81 L.Ed.2d 694 (1984). Instead, "[t]he choice among reasonable interpretations is for the Commissioner, not the courts." *National Muffler Dealers Ass'n. v. United States,* 440 U.S. 472, 488, 99 S.Ct. 1304, 1312, 59 L.Ed.2d 519 (1979). *See Fulman v. United States,* 434 U.S. 528, 534–36, 98 S.Ct. 841, 845–46, 55 L.Ed.2d 1 (1978) (upholding regulation that had a "reasonable basis" in the statutory history, even though the taxpayer's challenge to its policy had "logical force").

■ Where "the court determines Congress has not directly addressed the precise question at issue, the court does not simply impose its own construction on the statute.... Rather, if the statute is silent or ambiguous with respect to the specific issue, the question for the court is whether the

agency's answer is based on a permissible construction of the statute." *Chevron U.S.A., Inc., supra,* 467 U.S. at 843, 104 S.Ct. at 2782 (footnotes omitted).

### III.

■ Turning to the language of the Code itself, I.R.C. § 163(h)(2)(A) generally disallows any deduction for personal interest paid or accrued by a noncorporate taxpayer. Personal interest is defined as any interest with specified exceptions including interest on debt allocable to a trade or business. The provision, however, does not define what constitutes business interest. Therefore, there is an implicit legislative delegation of authority to the Commissioner to clarify whether income tax deficiency interest is "properly allocable to a trade or business." *See Chevron U.S.A., Inc., supra,* 467 U.S. at 844, 104 S.Ct. at 2782. On review, we consider whether the agency's determination is based on a permissible construction of the statute, *id.* at 843, 104 S.Ct. at 2782, and whether that construction "harmonizes with the statute's 'origin and purpose.'" *United States v. Vogel Fertilizer Co.,* 455 U.S. 16, 26, 102 S.Ct. 821, 828, 70 L.Ed.2d 792 (1982) (citation omitted).

There is little legislative history available regarding the treatment of income tax deficiency interest under section 163(h)(2)(A), but what is available supports the conclusion that Temp. Treas. Reg. § 1.163–9T is a reasonable interpretation of legislative intent. The *Conference Report on the Tax Reform Act of 1986* states that "[p]ersonal interest also generally includes interest on tax deficiencies." H.R.Conf.Rep. No. 841, 99th Cong.2d Sess. II–154 (1986). Further, the *General Explanation of the Tax Reform Act of 1986 (General Explanation)*, authored by the staff of the Joint Committee on Taxation, provides that "[p]ersonal interest also includes interest on underpayments of individual Federal, State or local income taxes notwithstanding that all or a portion of the income may have arisen in a trade or business, because such taxes are not considered derived from the conduct of a trade or business." While we recognize that this latter document does not rise to the level of legisla-

tive history because it was prepared by congressional staff after enactment of the statute, we nevertheless find that it is "highly indicative of what Congress did, in fact, intend," *Estate of Hutchinson v. Commissioner,* 765 F.2d 665, 669–70 (7th Cir.1985), and consider it a "valuable aid to understanding the statute." *Estate of Wallace v. Commissioner,* 965 F.2d 1038, 1050–51 n. 15 (11th Cir.1992). *See also McDonald v. Commissioner,* 764 F.2d 322, 336 n. 25 (5th Cir.1985) (*General Explanation of the Tax Reform Act of 1969* is "entitled to great respect"); *FPC v. Memphis Light, Gas & Water Div.,* 411 U.S. 458, 472, 93 S.Ct. 1723, 1731, 36 L.Ed.2d 426 (1973) (*General Explanation of the Tax Reform Act of 1969* is a "compelling contemporary indication" of the effect of a statutory provision).

We also note that subsequent legislative actions have not indicated any disagreement with the interpretation of I.R.C. § 163(h)(2)(A) embodied in the regulations. In 1988, Congress amended the definition of "personal interest" in I.R.C. § 163(h)(2)(A), but expressed no dissatisfaction with the rule adopted in the regulations that interest on income tax deficiencies constitutes personal interest *per se. See Technical and Miscellaneous Revenue Act of 1988,* Pub.L. No. 100–647, § 1005(c)(4), 1988 U.S.C.C.A.N. (102 Stat.) 3342, 3390. Congress' failure to change a challenged regulation when amending the relevant statutory provision "is an indication that Congress did not perceive the regulation to be unreasonable or inconsistent with Congressional intent." *Hefti v. Commissioner,* 983 F.2d 868, 872 (8th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 2349, 124 L.Ed.2d 258 (1993).

The taxpayers argue that interest on income tax deficiencies arising from business activity has been historically deductible as a business expense under I.R.C. §§ 62(a)(1) and 162 and, because those provisions of the statute were unaltered with the Tax Reform Act of 1986, Congress did not intend to alter case law that had previously allowed the deductibility of such interest.

■ Even if we agreed that the taxpayer's argument had some logical force, our decision would remain unaltered. Our role here is not to determine whether other reasonable interpretations of the statute exist, but in-

stead to consider whether the regulation at issue, that noncorporate income tax deficiency interest derived from whatever source is personal interest, is a permissible construction of the statute. Because Temp. Treas.Reg. § 1.163–9T(b)(2)(i)(A) is neither inconsistent with the language of the statute nor at odds with the legislative history and directly tracks the statement of the staff committee in the *General Explanation*, we conclude the regulation represents a permissible construction of the statute. The regulation adopts the reasonable rule that an individual's income tax liability, regardless of the nature of the income giving rise to the liability, is a personal obligation and that, consequently, interest owed by such individual because of a failure to pay his tax obligation on time necessarily is also a personal obligation. Thus, contrary to the conclusion of the district court, the provision in Temp.Treas.Reg. § 1.163–9T(b)(2)(i)(A) that the interest paid on underpayments of income taxes is *per se* nondeductible personal interest is valid and, as such, dispositive of taxpayers' claimed interest deduction in this case.

As indicated earlier, the district court declared the regulation is invalid, but nevertheless held that the interest at issue was nondeductible personal interest. Because the district court's ultimate conclusion corresponds with our foregoing analysis, we affirm the judgment of the district court.