**W.R. and Joann DAVIS, Plaintiffs,**

v.

**UNITED STATES of America, Defendants.**

**No. MO–98–CA–121.**

United States District Court, W.D. Texas, Midland–Odessa Division.

July 30, 1999.

Donald P. Lan, Jr., Kroney, Silverman, Mincey, Inc., Dallas, TX, for plaintiffs.

Gregg D. Stevens, Dept. of Justice, Dallas, TX, for defendant.

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

BUNTON, Senior District Judge.

**BEFORE THE COURT** is Plaintiffs' Motion for Summary Judgment filed April 15, 1999 and the United States' Cross Motion for Summary Judgment filed May 13, 1999, and the parties' responses and memoranda of law. The Court, having considered the parties' respective motions, the responses, the materials submitted by the parties in support of their respective positions, the pleadings of record, the applicable law, finds that the United States' motion for summary judgment should be granted.

### Background

The material facts of this case are not in dispute. Plaintiffs, W.R. Davis and JoAnn Davis, taxpayers in this case, were involved in numerous business transactions as unincorporated participants: W.R. Davis owned an interest in barges and tugs used for petroleum transport; was a

partner in a various partnerships involving gas transportation pipelines, crude oil refining, financing, and oil and gas operations; maintained a crude oil investment trading account; was a shareholder in several subchapter S corporations involved in processing of crude oil and transportation, storage and marketing of refined products, and other oil and gas operations. JoAnn Davis was a shareholder in a power company. The Davises use the cash receipts and disbursements method of accounting.

The Davises filed a joint federal income tax return for 1986 which was audited by the Internal Revenue Service (IRS). The IRS issued a 30–day letter dated February 21, 1991, with a revenue agent's report, proposing an income tax deficiency for 1986 based on numerous adjustments. As a result of agreed audit adjustments for 1986, the Davises paid to the United States additional tax of $822,025.00 and deficiency interest of $221,587.00 which accrued on the agreed deficiency. The agreed adjustments related directly to income and/or expenses which were allocable to property, held by the Davises for investment. The Davises paid both the tax deficiency and the interest on the tax deficiency in 1992. On their 1992 joint federal income tax return (Form 1040), Schedule E, the Davises claimed the $221,587.00 interest that was due as the result of their 1986 tax deficiency as a nonpassive activity loss deduction. The IRS audited the Davises' 1992 return and disallowed the $221,587.00 tax deficiency interest expense deduction. The Davises appealed this and other adjustments to the IRS Office of Appeals in Dallas, Texas.

The Davises settled their 1992 federal income tax audit with the IRS Office of Appeals by signing a Form 870 in late 1997. As part of that settlement, the Davises consented to the disallowance of the $221,587.00 tax deficiency interest expense adjustment. The settlement did not preclude the Davises from later filing a claim for refund to contest that adjustment. The Davises paid the agreed audit

tax liability as reflected on the Form 870, plus interest resulting from the 1992 deficiency in the amount of $27,414.03 on or about November 24, 1997. On or about December 16, 1997, the Davises timely filed a claim for refund in the form of a Form 1040X Amended Income Tax Return with the IRS in Austin, Texas to contest the Form 870 agreement. On the Davises' 1992 amended federal income tax return (Form 1040X), they reclassified the $221,587.00 tax deficiency interest expense deduction. Originally claimed as an "above the line" nonpassive activity loss of their 1992 Form 1040, Schedule E, concerning income and losses from partnerships and S corporations, the Form 1040X Amended Return for 1992 claimed the deduction amount as a "below the line," Schedule A itemized investment interest deduction.

On their 1992 Form 1040X, the Davises state that the $221,587.00 of interest paid per a prior year federal income tax deficiency is deductible as investment interest for the following reasons:

(1) Interest on a tax deficiency that arises in connection with an unincorporated business is trade or business interest under a plain reading of section 163(h)(2)(A) of the Internal Revenue Code. Temporary Treasury Regulation section 1.163–9T(b)(2)(i)(A), which provides that all interest paid on federal income tax deficiencies constitutes personal interest regardless of the source of the income generating the tax deficiency is invalid.

(2) Section 163(h)(2)(B) of the Code excludes investment interest from the definition of nondeductible personal interest. Investment interest is any interest which is paid or incurred on indebtedness properly allocable to property held for investment. The tax deficiency on which interest was paid is allocable to investment assets: taxpayers' interest in partnerships and Subchapter S corporations. Consequently, the interest on that deficiency is investment interest,

and is deductible subject to the limitations of section 163(d).

The Davises now bring this action seeking a redetermination of the IRS's decision to disallow the claimed deduction of interest paid on federal tax deficiencies as investment interest.

### Standard of Review

Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Guthrie v. Tifco Industries,* 941 F.2d 374 (5th Cir.1991). The moving party bears the initial burden of showing that there is no genuine issue for trial; it may do so by pointing out the absence of evidence supporting the nonmoving party's case. *Skotak v. Tenneco Resins, Inc.,* 953 F.2d 909, 913 (5th Cir.), *cert. denied,* 506 U.S. 832, 113 S.Ct. 98, 121 L.Ed.2d 59 (1992) citing *Latimer v. Smithkline & French Laboratories,* 919 F.2d 301, 303 (5th Cir.1990); *Celotex,* 477 U.S. at 325, 106 S.Ct. 2548. The court may only grant the motion after drawing all inferences from the facts in favor of the party resisting the motion. *Boazman v. Economics Laboratory, Inc.,* 537 F.2d 210, 213–14 (5th Cir.1976); *Lavespere v. Niagara Machine & Tool Works, Inc.,* 910 F.2d 167, 178 (5th Cir.1990), *cert. denied,* 510 U.S. 859, 114 S.Ct. 171, 126 L.Ed.2d 131 (1993).

Summary judgment is appropriate in cases "where the underlying facts are undisputed and the record reveals no evidence from which reasonable persons might draw conflicting inferences about these facts." *Smith v. Mobil Corp.,* 719 F.2d 1313, 1315 (5th Cir.1983), quoting *Bertrand v. Int'l Mooring and Marine, Inc.,* 700 F.2d 240, 244 (5th Cir.1983). Because there is no dispute as to the underlying facts in this case, the court resolves the issue presented by the application of legal principles to specific underlying facts.

*Bertrand,* 700 F.2d at 244 (additional citations omitted).

### Crux of this Case

The sole issue to be determined in this case, as stipulated by the parties, is whether interest arising on Plaintiffs' federal income tax deficiency for 1986 is nondeductible personal interest, regardless of whether the tax deficiency relates to income derived from property held for investment, or whether the interest arising on Plaintiffs' federal income tax deficiency is deductible as an investment interest expense. Plaintiffs claim that they are entitled to deduct as an investment expense under sections 163(d) and 163(h)(2)(B) of the Internal Revenue Code of 1986, as amended, interest paid in 1992 on an agreed federal income tax deficiency for 1986.

### Controlling Statutes, Regulations and Legislative History

Internal Revenue Code section 163(d) provides that all interest paid or accrued within the taxable year on indebtedness shall be allowed as a deduction in computing taxable income. 26 U.S.C. § 163(d) (Supp.1999). Investment interest is interest paid or accrued on indebtedness properly allocable to property held for investment. 26 U.S.C. § 163(d)(3)(A) (Supp. 1999).

Internal Revenue Code section 163(h) provides that unless an exception applies, personal interest incurred by an unincorporated business is not deductible. 26 U.S.C. § 163(h) (Supp.1999). Section 163(h)(2)(A) further states that interest on debt "properly allocable to a trade or business is not personal interest." 26 U.S.C. § 163(h)(2)(A) (Supp.1999). Section 163(h) provides in relevant part:

(h) Disallowance of deduction for personal interest.—

(1) In general.—**In the case of a taxpayer other than a corporation, no deduction shall be allowed under this**

chapter for personal interest paid or accrued during the taxable year.

(2) Personal interest.—For purposes of this subsection, the term "personal interest" means any interest allowable as a deduction under this chapter other than—

(A) interest paid or accrued on indebtedness properly allocable to a trade or business (other than the trade or business of performing services as an employee).

(B) any investment interest (within the meaning of [§ 163(d) ]. . . .)

26 U.S.C. § 163(h) (Supp.1999) (emphasis supplied).

Title 26, section 7805 of the United States Code directs the Secretary of the Treasury to prescribe all needful rules and regulations for the enforcement of the Internal Revenue Code.[1] Under this directive, the Secretary promulgated Temporary Treasury Regulation 1.163–9T(b)(2)(i)(A), which provides that a noncorporate taxpayer's payment of interest on an income tax deficiency is per se nondeductible as personal interest regardless of the source of the income generating the tax liability. This regulation states, in relevant part:

1.163–9T Personal interest (temporary).

**1.** This statute provides as follows:
(a) Authorization.—Except where such authority is expressly given by this title to any person other than an officer or employee of the Treasury Department, the Secretary shall prescribe all needful rules and regulations for the enforcement of this title, including all rules and regulations as may be necessary by reason of any alteration of law in relation to internal revenue.
26 U.S.C. § 7805(a) (Supp.1999).

**2.** Treas.Reg. 1.163–9T provides, in pertinent part:
1.163–8T Allocation of interest expense among expenditures (temporary).
(a) In general—(1) Application. This section prescribes rules for allocating interest expense for purposes of applying section[ ] . . 163(d) and (h) (the "nonbusiness interest limitations").
(2) Cross-references. This paragraph provides an overview of the manner in which interest

(a) In general. **No deduction . . . shall be allowed for personal interest paid or accrued during the taxable year by a taxpayer other than a corporation.**

(b) Personal interest—(1) Definition. For purposes of this section, **personal interest is any interest expense other than—**

(i) **Interest paid or accrued on indebtedness properly allocable** (within the meaning of § 1.163–8T) **to the conduct of trade or business** (other than the trade or business of performing services as an employee).

(ii) any investment interest (within the meaning of section 163(d)), . . .

(2) Interest relating to taxes—(i) **In general** . . . . **personal interest includes interest—**

(A) **Paid on underpayments of individual Federal, State or local income taxes and on indebtedness used to pay such taxes** (within the meaning of § 1.168–8T), **regardless of the source of the income generating the tax liability;** . . .

26 C.F.R. § 1.163–9T (1998). The allocation of interest under Treasury Regulation 1.168–8T concentrates on the use of debt proceeds ("the expenditure method").[2]

expense is allocated for the purposes of applying the . . . nonbusiness interest limitations and the manner in which interest expense allocated under this section is treated. . . .
(3) Manner of allocation. In general, interest expense on a debt is allocated in the same manner as the debt to which such interest expense relates is allocated. Debt is allocated by tracing disbursements of the debt proceeds to specific expenditures. This section prescribes rules for tracing debt proceeds to specific expenditures.

(4) . . . . . . Treatment of interest expenses—(i) General rule. Except as otherwise provided in paragraph (m) of this section (relating to limitations on interest expense other than . . . nonbusiness interest limitations), interest expense allocated under the rules of this section is treated in the following manner:
(A) **Interest expense allocated to a trade or business expenditure (as defined in para-**

Legislative history addressing the issue is found in the Senate Report and the Conference Report on the Tax Reform Act of 1986. The Senate Report references the consumer interest limitation as follows:

> Under the bill, consumer interest is not deductible. Consumer interest generally includes all interest not incurred or continued in connection with [3] the conduct of a trade or business ... or in connection with an activity described in section 212,[4] relating to expenses for the production of income.

S.REP. No. 99–313, at 806 (emphasis supplied). The Senate Report then includes an example of nondeductible business interest expense: "[F]or example, interest on debt to finance an employee business expense is not deductible." *Id.* at 806 n. 5.

The Conference Report further refines the Senate consumer interest provision as follows:

> graph (b)(7) of this section) is taken into account under section 163(h)(2)(A);
>
> (b) . . . . .
>
> (b) Definitions. For purposes of this section—
>
> . . . . .
>
> (7) **"Trade or business expenditure" means an expenditure** (other than ... an investment expenditure) **in connection with the conduct of any trade or business** other than the trade or business of performing services as an employee.
>
> . . . . .
>
> (c) Allocation of debt and interest expense— (1) Allocation in accordance with use of proceeds. **Debt is allocated to expenditures in accordance with the use of the debt proceeds** and, except as provided in paragraph (m) of this section, interest expense accruing on a debt during any period is allocated to expenditures in the same manner as the debt is allocated from time to time during such period....
> (2) Allocation period— ...
> (ii) Allocation of interest expense—(A) In general. Except as otherwise provided in paragraph (m) of this section, interest expense accruing on a debt for any period is allocated in the same manner as the debt is allocated from time to time, regardless of when the interest is paid.
>
> . . . . .
>
> (m) Coordination with other provisions—(1) Effect of other limitations—(i) In general.... The applicability of the ... nonbusiness interest limitations to interest on such debt ...

The conference agreement follows the Senate amendment provision with respect to consumer interest ... with modifications and clarifications.

Under the conference agreement, **personal interest is not deductible.** Personal interest is any interest, other than interest incurred or continued in connection with a trade or business ..., investment interest, [or certain other categories of interest not at issue here]. **Personal interest also generally includes interest on tax deficiencies.**

H.REP. No. 99–841, vol. II, at 154 (emphasis supplied)..

The "Blue Book" on the Tax Reform Act of 1986, the general explanation of the Act prepared by the staff of the Joint Committee on Taxation, provides further illumination regarding the deductibility of interest on underpayments of Federal tax.[5] The

> may be affected by other limitations on the deductibility of interest expense.
> 26 C.F.R. § 1.163–8T (1998) (emphasis supplied).

3. After the Treasury promulgated Temp. Treas.Reg. § 1.163–9T(b)(2)(i)(A). Congress rewrote § 163(h) by deleting the words "incurred or continued in connection with" and substituted the more general "properly allocable" language. *Allen v. United States*, 173 F.3d 533, 536–37 (4th Cir.1999), citing Technical and Miscellaneous Revenue Act of 1988. Pub.L. No. 100–647, 102 Stat. 3342, 3390.

4. Section 212 provides, in relevant part:

> In the case of an individual, there shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year—
> (1) for the production or collection of income; ...
> 26 U.S.C. § 212 (1988).

5. The Eighth Circuit in *Miller* recognized that the Blue Book "does not rise to the level of legislative history because it was prepared by congressional staff after enactment of the statute," but nevertheless found that it is "highly indicative of what Congress did, in fact, intend," *Miller*, 65 F.3d at 690, quoting *Estate of Hutchinson v. Commissioner*, 765 F.2d 665, 669–70 (7th Cir.1985), and considered it a "valuable aid to understanding the statute."

Joint Committee commented in the Blue Book as follows:

> Under the Act, personal interest is not deductible. Personal interest is any interest, other than interest incurred or continued in connection with the conduct of a trade or business ..., investment interest, [or certain other types of interest not at issue here].... **Personal interest also includes underpayments of individual Federal, state or local income taxes notwithstanding that all or a portion of the income may have arisen in a trade or business, because such taxes are not considered derived from the conduct of a trade or business.**

General Explanation of the Tax Reform Act of 1986 by the Joint Committee, 100th Cong., 1st Sess., at 266 (emphasis supplied). The Blue Book added in a footnote: "Personal interest does not include interest on taxes, other than income taxes, that are incurred in connection with a trade or business." *Id.* at 266 n. 60 (emphasis supplied). The Fifth Circuit has stated that citations in the Blue Book are not regarded as determinative. *McDonald v. Commissioner,* 764 F.2d 322, 336 n. 25 (5th Cir.1985). The court commented:

> The Joint Committee is a staff committee, and its "Explanation" was issued after the fact. Hence it does not directly represent the views of the legislators or an explanation available to them when acting on the bill. The Joint Committee's views, however, are entitled to great respect.

*Id.* In 1988, after Temp.Treas.Reg. 1.163–9T was promulgated, Congress amended the definition of "personal interest" in I.R.C. § 163(h)(2)(A), but expressed no dissatisfaction with the rule adopted in the regulations that interest on income tax deficiencies constitutes personal interest per se. *Miller,* 65 F.3d at 690. *See* Technical and Miscellaneous Revenue Act of

*Miller v. United States,* 65 F.3d 687, 690 (8th Cir.1995)., quoting *Estate of Wallace v. Com-*

1988, Pub.L. No. 100–647, § 1005(c)(4), 1988 U.S.C.C.A.N. (102 Stat.) 3342, 3390. Additionally, in 1990, the Omnibus Budget Reconciliation Act of 1990, Pub.L. No. 101–508, § 11341, 104 Stat. 1388, 1388–470, added a new section to the Code that addressed the rate of interest that corporate taxpayers pay on tax underpayments and declined to impose interest to the extent that tax due is satisfied by credit of an overpayment. The conference committee report described the law in effect at the time of the 1990 Act as follows:

> In general, corporations are allowed an income tax deduction for all interest paid or accrued, including interest on tax obligations. Individuals are not permitted to deduct personal interest. For this purpose, **personal interest includes interest on underpayments of the individual's income taxes, even if all or a portion of the individual's income is attributable to a trade or business.**

H.Rep. No. 101–964, at 1100 (emphasis supplied).

### *DISCUSSION*

To determine whether interest on a federal income tax deficiency is deductible or not, this court must evaluate whether Temp.Treas.Reg. 1.163–9T(b)(2)(i)(A) is a permissible interpretation of 26 U.S.C. § 163(h). Although this appears to be a case of first impression in the Fifth Circuit, four other circuit courts have examined this issue and all have reached a different conclusion than that of the United States Tax Court.

### *Historical Perspective*

On two occasions, the United States Tax Court declined to uphold Temp.Treas.Reg. 1.163–9T(b)(2)(i)(A), finding that I.R.C. § 163(h) unambiguously permits taxpayers who pay interest on tax deficiencies that arise from their trade or businesses to deduct such interest as a business expense.

*missioner,* 965 F.2d 1038, 1050–51 n. 15 (11th Cir.1992).

*Redlark v. Commissioner,* 106 T.C. 31, 1996 WL 10243 (1996) (holding that an individual taxpayer was entitled to deduct interest on federal income tax deficiencies that arose from errors made in computing the taxpayer's business income); *Kikalos v. Commissioner,* 75 T.C.M. (CCH) 1924 (1998) (holding that interest paid by cash basis taxpayers on income tax deficiencies resulting from their operation of their unincorporated business was deductible as interest on an indebtedness properly allocable to their trade or business). The tax court's decision in *Redlark,* which the taxpayers originally relied upon in the instant case, was subsequently reversed by the Ninth Circuit in *Redlark v. Commissioner,* 141 F.3d 936 (9th Cir.1998) (holding that Temp.Treas.Reg. 1.163–9T(b)(2)(i)(A) represents a reasonable interpretation of § 163(h)(2)(A)). The Fourth, Sixth and Eighth Circuits have also uniformly upheld Temp.Treas.Reg. 1.163–9T(b)(2)(i)(A), finding it to be a permissible construction of Code section 163(h)(2)(A). *McDonnell v. United States,* 180 F.3d 721 (6th Cir.1999); *Allen v. United States,* 173 F.3d 533 (4th Cir.1999); *Miller v. United States,* 65 F.3d 687 (8th Cir.1995). These opinions, coupled with similar rulings by a district court and a bankruptcy court, now leave *Kikalos,* which relied upon the tax court's holding in *Redlark,* as the only remaining undisturbed authority in any jurisdiction striking down Temp.Treas.Reg. 1.163–9T(b)(2)(i)(A). *See Stecher v. United States,* 1998 WL 427369 (D.Colo.1998) (holding the regulatory language indicating that noncorporate income tax deficiency interest derived from whatever source constitutes personal interest represents a permissible construction of the statute); *In re Vale,* 204 B.R. 716 (Bankr.N.D.Ind.1996) (following *Miller* by concluding that the temporary regulation, which states that noncorporate interest paid on any underpayment of individual income taxes, regardless of the source of the income generating the tax liability is nondeductible "personal interest," is a permissible read-

ing of § 163(h)(2)(A), and therefore is valid).

### The Debt Allocation Scheme in Treas.Reg. § 1.163–8T and the Statute

The Davises argue that the purpose for which the debt was incurred controls the allocation of interest expense and ultimately the deductibility of the interest, citing Treas.Reg. § 1.163–8T(a)(3) and (c)(1) as authority. The Davises contend that, in allocating interest expense, the regulations require an examination of the use or the nature of the activities involved with respect to each dollar of debt. The Davises conclude that it is error to impose a hard and fast rule that statutory interest paid on an income tax deficiency is always nondeductible, without examining the specific activities that gave rise to the tax debt. Imposing such a rule, they argue, flies in the face of Congressional intent and contradicts the express language of Treas. Reg. · § 1.163–8T. Alternatively, the Davises rely on the plain meaning of the statute itself: both "interest paid on indebtedness properly allocable to a trade or business" and "investment interest" (i.e. interest paid on indebtedness properly allocable to investment property) are excluded from the definition of personal interest, and are therefore deductible. *See* 28 U.S.C. § 1163(h)(2)(A) & (B) (Supp.1999).

The Davises rely on a line of cases for tax years preceding the Tax Reform Act of 1986 in which the courts classified tax deficiency interest as a business expense or as an investment expense. *See True v. United States,* 1993 WL 379417 (D.Wyo. July 30, 1993), *aff'd without published opinion,* 35 F.3d 574 (10th Cir.1994) (investment expense); *Standing v. Commissioner,* 28 T.C. 789, 1957 WL 1159 (1957), *aff'd,* 259 F.2d 450 (4th Cir.1958) (business expense); *Polk v. Commissioner,* 31 T.C. 412, 1958 WL 1213 (1958), *aff'd,* 276 F.2d 601 (10th Cir.1960) (business expense); *Reise v. Commissioner,* 35 T.C. 571, 1961 WL 1350 (1961), *aff'd,* 299 F.2d 380 (7th Cir.1962)

(business expense). This Court concurs with the conclusion of the *Allen* court regarding the relevance of this line of cases:

> We decline to adopt the view that the *Standing* line controls the meaning of § 163(h), because those cases do not concern whether income tax deficiency interest is deductible per se. Under pre–1986 tax law, most forms of interest, including personal interest, were deductible. *Standing, Polk,* and *Reise* addressed how the taxpayer should treat an otherwise-permissible deduction when making specific line item computations. [footnote omitted]

> The holding of *Standing* must be limited to the calculation of adjusted gross income; the holdings of *Polk* and *Reise* to the calculation of net operating loss. We shall not attempt to distill from these three cases more comprehensive decision rules for interest allocation. As Judge Halpern of the Tax Court concluded in his *Redlark* dissent, to do so would be to allow a small tail to wag a very large dog. *See Redlark,* 106 T.C. at 73.

> The 1986 Tax Reform Act fundamentally altered the tax character of personal interest, creating the presumption that such interest is non-deductible. This sweeping change in the tax law casts doubt upon the contemporary relevance of the *Standing* cases.[3] Additionally, after the Treasury promulgated Temp. Treas.Reg. § 1.163–9T(b)(2)(i)(A). Congress re-wrote § 163(h) in less precise terms. As first enacted, § 163(h) had permitted a deduction for interest "incurred or continued in connection with the conduct of a trade or business." In 1988 Congress deleted the words "incurred or continued in connection with" and substituted the more general "properly allocable" language. See Technical and Miscellaneous Revenue Act of 1988, Pub.L. No. 100–647, 102 Stat. 3342, 3390. This retroactive amendment, whatever its purpose, rendered the meaning of § 163(h) even less certain.

3. As the Ninth Circuit observed in *Redlark,* "[c]ontrary to the Redlarks' assertions, the fact that courts consistently allowed the type of deduction they are now seeking before the enactment of the Tax Reform Act of 1986 and its implementing regulations does not lend support to the argument that such a deduction must continue to be allowable under the new statute." 141 F.3d at 940.

*Allen,* 173 F.3d at 536–37.

Regarding the Davis' contention that Temp.Treas.Reg. § 1.163–9T(b)(2)(i)(A) contradicts Treas.Reg. § 1.163–8T, this Court finds no such contradiction, and finds the treatment of this issue by the *Allen* court entirely persuasive:

> Temp.Treas.Reg. § 1.163–9T(b)(2)(i)(A) must be read in conjunction with Temp. Treas.Reg. § 1.163–8T, which provides tracing rules for the allocation of interest expenditures. Under § 1.163–8T, interest is allocated in the same manner as the debt to which it relates; the underlying debt is allocated based upon the taxpayer's use of the debt proceeds. See Treas.Reg. § 1.163–8T(a)(3). In cases where the taxpayer does not actually receive the debt proceeds (e.g., deficiency interest), the IRS looks to the expenditure that gave rise to the debt, and subjects interest on the debt to any limitations governing the expenditure. See Treas.Reg. § 1.163–8T(c)(3)(iii).

> Pursuant to these allocation rules, deficiency interest is allocable to the payment of income taxes, an expenditure that is purely personal in nature. Income taxes are a personal expenditure because an individual's income tax obligation arises from all sources of income, not merely business income, and because the payment of income taxes is regarded, in an economic sense, as personal consumption, not as a cost of earning income, (footnote omitted). It follows, therefore, that individual income tax deficiency interest is not "properly allocable" to a trade or business. In plain English, interest on an unpaid income tax debt is never a cost of doing business, because no taxpayer may claim

that he or she is in the business of not paying taxes. *Id.* Further, Treas.Reg. § 1.163–8T(m) states that the applicability of nonbusiness interest limitations to interest on such debt may be affected by other limitations on the deductibility of interest expense. Temp. Treas.Reg. § 1.163–9T(b)(2)(i)(A) may impose just such a limitation on deductibility. This Court concludes that the allocation rules of Treas.Reg. § 1.163–8T can be properly applied within the context of Temp.Treas.Reg. § 1.163–9T(b)(2)(i)(A) and section 163(h).

### Scrutinizing the Contested Regulation

The Davises also contend that Temp. Treas.Reg. § 1.163–9T(b)(2)(i)(A), which provides that personal interest always includes interest paid on federal income tax deficiencies regardless the source of income, is invalid because it impermissibly legislates by adding an absolute exception to this allocation scheme that does not appear in the statute.

### a. The Standard for Evaluating the Regulation

■ The Eighth Circuit in *Miller* and the Ninth Circuit in *Redlark* identify the standards applicable to determining the validity of Treasury regulations such as Temp.Treas.Reg. § 1.163–9T(b)(2)(i)(A). "Congress has delegated to the Commissioner, not to the courts, the task of prescribing 'all needful rules and regulations for the enforcement' of the Internal Revenue Code." *Miller*, 65 F.3d at 689 and *Redlark*, 141 F.3d at 939, both quoting *United States v. Correll*, 389 U.S. 299, 307, 88 S.Ct. 445, 19 L.Ed.2d 537 (1967) (citing 26 U.S.C. § 7805(a)). The regulations issued by the Commissioner are valid and must be upheld "if they implement the congressional mandate in some reasonable manner." *Miller*, 65 F.3d at 689, quoting *Rowan Cos., Inc. v. United States*, 452 U.S. 247, 252, 101 S.Ct. 2288, 68 L.Ed.2d 814 (1981) (citation omitted). See also *Allen*, 173 F.3d at 535 ("when a statute is

ambiguous, we must uphold any Treasury regulation that implements the statutory purpose in some reasonable manner"). Only if the code has a meaning that is clear, unambiguous, and in conflict with a regulation does a court have the authority to reject the Commissioner's reasoned interpretation and invalidate the regulation. *Redlark*, 141 F.3d at 939, citing *Chevron U.S.A. v. Natural Resources Defense Council*, 467 U.S. 837, 841–44, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984). *See also Allen*, 173 F.3d at 536, citing *NationsBank of North Carolina, N.A. v. Variable Annuity Life Ins.*, 513 U.S. 251, 257, 115 S.Ct. 810, 130 L.Ed.2d 740 (1995) ("on those occasions when Congress speaks unambiguously, we must overturn a regulation that clearly conflicts with the plain text of the statute").

■ Where "the court determines Congress has not directly addressed the precise question at issue, the court does not simply impose its own construction on the statute.... Rather, if the statute is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute." *Miller*, 65 F.3d at 689, quoting *Chevron*, 467 U.S. at 843, 104 S.Ct. 2778 (footnotes omitted). "Legislative regulations are given controlling weight unless they are arbitrary, capricious, or manifestly contrary to the statute." *Redlark*, 141 F.3d at 939, citing *Chevron*, 467 U.S. at 844, 104 S.Ct. 2778 and *NationsBank*, 513 U.S. at 256–57, 115 S.Ct. 810 (1995).

### b. Ambiguity of the Statute

■ As previously stated, there appears to be no apparent conflict between the statute and the regulations at issue. The question then becomes, is the statute facially ambiguous? *See Allen*, 173 F.3d at 534. *Miller* identifies the ambiguity and its effect:

I.R.C. § 163(h)(2)(A) generally disallows any deduction for personal interest paid or accrued by a noncorporate taxpayer.

Personal interest is defined as any interest with specified exceptions including interest on debt allocable to a trade or business. The provision, however, does not define what constitutes business interest. Therefore, there is an implicit legislative delegation of authority to the Commissioner to clarify whether income tax deficiency interest is "properly allocable to a trade or business." *See Chevron,* 467 U.S. at 844, 104 S.Ct. 2778. *Miller,* 65 F.3d at 690 and quoted by *Redlark,* 141 F.3d at 939. *See also Id.* (finding untenable taxpayers' assertion that the words "properly allocable" unambiguously specify that interest on business-related personal income tax deficiencies should be deductible); *Allen,* 173 F.3d at 536 (concluding that § 163(h) is manifestly ambiguous because Congress did not see fit to define the term "properly allocable" in the context of personal interest). The failure of the Tax Court itself to agree on the meaning of section 163 underscores its ambiguity. *Id.* ("[a]s evidence that § 163 lacks a plain meaning, we need look no further than the sharply divergent opinions of the United States Tax Court, which could not agree upon a single reading of the statute"), citing *Redlark,* 106 T.C. at 31. This Court casts its lot with *Miller, Redlark* and *Allen* by finding that section 163(h) is ambiguous on its face.

### c. Reasonableness of the Regulation

■ This Court must now consider whether Temp.Treas.Reg. § 1.163–9T(b)(2)(i)(A) is a permissible construction of section 163(h). Again, this Court finds the *Allen* analysis instructive:

We find Temp.Treas.Reg. § 1.163–9T(b)(2)(i)(A) to be an eminently reasonable and easily administrable construction of § 163(h). No mention of § 163(h) in the legislative history of the Tax Reform Act would suggest otherwise. The authoritative history of the 1986 Tax Reform Act contains only a single reference to § 163(h) as it concerns tax deficiencies: a line in the Conference Committee report that states,

"[p]ersonal interest also generally includes interest on tax deficiencies." H.R.Conf.Rep. No. 841, 99th Cong., 2nd Sess. II–154 (1986). This statement, otherwise unembellished, does not support the conclusion that Congress intended to exclude income tax deficiency interest allocable to a trade or business from the broader category of non-deductible personal interest.

*Allen,* 173 F.3d at 537. Also, the Senate Report alludes to the fact that all business interest expense is not deductible, by classifying interest on debt to finance employee business expense as nondeductible. S.Rep. No. 99–313, at 806 n. 5.

In 1988, when Congress amended the definition of personal interest in § 163(h)(2)(A), it declined to modify the basic premise of Temp.Treas.Reg. § 1.163–9T(b)(2)(i)(A) that interest on income deficiencies constitutes personal interest. Congress' failure to change a challenged regulation when amending the relevant statutory provision "is an indication that Congress did not perceive the regulation to be unreasonable or inconsistent with Congressional intent." *Miller,* 65 F.3d at 690, quoting *Hefti v. Commissioner,* 983 F.2d 868, 872 (8th Cir.), *cert. denied,* 508 U.S. 913, 113 S.Ct. 2349, 124 L.Ed.2d 258 (1993). Further, Congress expressed its understanding of the law at the time it enacted the Omnibus Budget Reconciliation Act of 1990 by parroting the essence of Temp.Treas.Reg. § 1.163–9T(b)(2)(i)(A) in its Conference Committee Report; "personal interest includes interest on underpayments of the individual's income taxes, even if all or a portion of the individual's income is attributable to a trade or business."

■ Additionally, the General Explanation of the Tax Reform Act of 1986 ("Blue Book"), prepared by the Joint Committee, reflects the staff's view as to the intent of Congress, representing an effort to provide an explanation of the Act as finally enacted. *See Bank of Clearwater v. Unit-*

*ed States,* 7 Cl.Ct. 289, 294 (1985). The Blue Book excludes "interest incurred or continued in connection with the conduct of a trade or business" from the definition of personal interest, but states that "personal interest . . . includes underpayments of individual Federal, . . . income taxes notwithstanding that all or a portion of the income may have arisen in a trade or business, because such taxes are not considered derived from the conduct of a trade or business." General Explanation of the Tax Reform Act of 1986 at 266. By adding that "[p]ersonal interest does not include interest on taxes, other than income taxes, that are incurred in connection with a trade or business," the Blue Book implicitly states that personal interest does include interest on income taxes incurred in connection with a trade or business. *Id.* at 266 n. 60. Although post-enactment explanations such as the Blue Book cannot properly be described as "legislative history," they are at least instructive as to the reasonableness of an agency's interpretation of a facially ambiguous statute. *Redlark,* 141 F.3d at 941, citing *Miller,* 65 F.3d at 690; *Wallace,* 965 F.2d at 1050-51 n. 15; *McDonald,* 764 F.2d at 336 n. 25. *See also Federal Power Commission v. Memphis Light, Gas and Water Division,* 411 U.S. 458, 472, 93 S.Ct. 1723, 36 L.Ed.2d 426 (recognizing that the General Explanation provides a "compelling contemporary indication" of whether the Tax Reform Act of 1969 deprived the FPC of certain authority). In this case, the Blue Book supports the Commissioner's position taken in Temp.Treas.Reg. § 1.163–9T(b)(2)(i)(A). *Redlark,* 141 F.3d at 941.

The Sixth Circuit opinion in *McDonnell* is the latest decision paralleling the previous three circuits' conclusion that Temp. Treas.Reg. § 1.163–9T(b)(2)(i)(A) is a reasonable interpretation of section 163(h). Taxpayers in *McDonnell* incurred $101,240 in interest relating to the late payment of an additional tax liability following an IRS audit for their income taxes, then listed an itemized deduction for investment interest on their return. The Sixth Circuit held that such interest was nondeductible personal interest under Temp.Treas.Reg. § 1.163–9T(b)(2)(i)(A). 180 F.3d 721, 722 (6th Cir.1999). The *McDonnell* court adopted the Ninth Circuit's analysis in *Redlark,* holding that the regulation is a valid interpretation of 26 U.S.C. § 163(h). Quoting *Redlark* with favor, the *McDonnell* court held that the regulation was sustainable because "[it] represents a permissible and reasonable interpretation of a facially ambiguous statute. It is neither arbitrary, capricious, nor in conflict with any other statutory provision or the purposes of the Code as a whole. That being so, our inquiry is at an end." *McDonnell,* 180 F.3d 721, 722–23, quoting *Redlark,* 141 F.3d at 942 and citing *Allen* and *Miller* with approval.

### d. Another Possible Construction of 26 U.S.C. § 163(h)

The Davises contention that interest on a federal income tax deficiency represents investment expense and is therefore excluded from the definition of nondeductible personal interest under § 163(h)(2)(B) of the Code is another possible construction of the statute. However, the Court's role here is not to determine whether other reasonable interpretations of the statute exist, but instead to consider whether the regulation at issue, that noncorporate income tax deficiency interest derived from whatever source is personal interest, is a permissible construction of the statute. *Miller,* 65 F.3d at 690–91.

Because Temp.Treas.Reg. § 1.163–9T(b)(2)(i)(A) is neither inconsistent with the language of the statute nor at odds with the legislative history and directly tracks the statement of the Joint Committee in the General Explanation, this Court concludes the regulation represents a permissible construction of the statute. *Id.* at 691.

### CONCLUSION

 Internal Revenue Code § 163(h) is facially ambiguous. Temp.Treas.Reg.

**634**

§ 1.163–9T(b)(2)(i)(A) is a reasonable construction of I.R.C. § 163(h). This Court finds that the appellate courts' decisions in *Miller v. United States,* 65 F.3d 687 (8th Cir.1995), *Redlark v. Commissioner of Internal Revenue,* 141 F.3d 936 (9th Cir. 1998), *Allen v. United States,* 173 F.3d 533 (4th Cir.1999), and *McDonnell v. United States,* 180 F.3d 721 (6th Cir.1999) provide persuasive authority to be followed in the absence of consideration of these issues by the Fifth Circuit. The Court will therefore reach the same conclusion as that of every circuit that has considered the issue: interest paid by an individual on a deficiency arising from an unincorporated business is not deductible as a business expense. The Court finds that there are no genuine issues of material fact and that Defendant United States is entitled to judgment as a matter of law.

Accordingly,

**IT IS ORDERED** that the United States' Cross Motion for Summary Judgment is hereby **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiffs' claims for business interest expense deductions shall be denied, and that interest paid on underpayments of income taxes is properly treated as nondeductible personal interest.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment is hereby **DENIED.**