United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 6, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-60261
Summary Calendar

DANIEL V. ALFARO; IRMA L. ALFARO,

Petitioners-Appellants,

versus

COMMISSIONER OF INTERNAL REVENUE,

Respondent-Appellee.

--------------------
Appeal from a Decision of the
United States Tax Court

--------------------

Before JOLLY, SMITH, and WIENER, Circuit Judges.

WIENER, Circuit Judge:

Petitioners-Appellants Daniel V. Alfaro and Irma L. Alfaro, husband and wife ("Taxpayers") appeal the ruling of the United States Tax Court ("Tax Court") in its Memorandum Opinion,[1] upholding the notice of deficiency issued by the Internal Revenue Service ("IRS") on behalf of Respondent-Appellee, Commissioner of Internal Revenue ("CIR"). That notice of deficiency disallowed the Taxpayers' claim of a 1996 interest expense deduction of $1,527,695, the amount that they paid in accrued statutory interest that year on an income tax deficiency for a prior year. None

---

[1] Alfaro v. Comm'r, T.C.M. (CCH) (2002).

dispute that the interest had been paid in 1996 in connection with a compromise between the parties under which the Taxpayers remitted additional taxes on income earned by Daniel Alfaro in his law practice during prior years. Neither is it disputed that this law practice was Mr. Alfaro's principal trade or business. In this issue of first impression in this circuit,[2] we affirm the Tax Court's validation of the Treasury regulation relied on by the Commissioner for the proposition that statutory interest paid by an individual taxpayer on prior income tax deficiencies is not the kind of interest that is deductible. We do so even though the tax deficiency that produced the liability for statutory interest was the result of underpayment of tax on income generated by the principal trade or business of one of the individual taxpayers.

## I.

### FACTS AND PROCEEDINGS

Based entirely on stipulations, the Tax Court found that, from at least 1982 through 1996, Attorney Alfaro was the sole proprietor of his law practice. The IRS audited the Taxpayers' joint income tax returns for the years 1982-88 and assessed deficiencies related entirely to Taxpayers' income from that law practice. In 1995 the Taxpayers and the IRS settled all matters related to the years in question, and in 1996, the Taxpayers paid $1,527,695 in accrued

---

[2] Five other circuits have addressed this issue previously, however, and all have held as we do today. See infra n.7.

2

statutory interest on their agreed income tax deficiencies for the subject years. The income that was the subject of the tax deficiency and in turn gave rise to the statutory interest at issue here was produced by Mr. Alfaro's law practice and thus arose from his principal trade or business for purposes of reporting on Schedule C. For 1996, the year in which the Taxpayers paid the statutory interest, they claimed an interest expense deduction on Schedule C of their joint return.

As reflected in a notice of deficiency issued to the Taxpayers in 2000 as a result of an audit of their 1996 return, the IRS disallowed that interest expense deduction. The Taxpayers challenged the deficiency determination in the Tax Court, arguing that the interest was deductible because the underlying income on which the taxes had been owed was from Mr. Alfaro's trade or business in the practice of law and thus not "personal interest" for purposes of § 163(h) of the Internal Revenue Code ("I.R.C."). The gravamen of the Taxpayers' argument in the Tax Court was that the Commissioner's reliance on Temporary Treasury Regulation § 1.163-9T(b)(2)(i)(A) (the "Regulation") was misplaced. They insist that the Regulation is invalid because, according to Taxpayers, it conflicts with I.R.C. § 163(h). In rejecting the Taxpayers' argument, the Tax Court relied in large part on its recent opinion in Robinson v. Commissioner[3] which held this kind of interest to be

---

[3] 119 T.C. 44 (2002).

non-deductible personal interest, relying on the Regulation as authority.  Taxpayers timely filed a notice of appeal.

## II

## ANALYSIS

A.  Standard of Review

If the Regulation is valid, the Tax Court must be affirmed. We review de novo the Tax Court's legal determination of the validity of a Treasury regulation.[4]

B.  Contentions of Taxpayers

In their appellate brief, counsel for Taxpayers present a strong and cogent argument for reversing the Tax Court.  As summarized in that brief, Taxpayers begin by noting that Congress is presumed to have known the case law that was in existence when it enacted the Tax Reform Act of 1986, adding I.R.C. § 163(h) to the Code to abolish the deductibility of specified types of interest.  The Taxpayers advance that the prior jurisprudence made clear that interest paid on an individual taxpayer's income tax deficiency is deductible when the underlying deficiency was on income from the trade or business of such taxpayer.  And, urge the Taxpayers, given the absence of an unmistakable showing of congressional intent to reverse or depart from such pre-existing case law, it must be presumed to continue in effect.  Furthermore, argue the Taxpayers, the language of the 1986 Tax Reform Act

---

[4]  Herbel v. Comm'r, 129 F.3d 788, 790 (5th Cir. 1997).

4

reflects a congressional intent for this species of interest to remain deductible.

The Taxpayers continue by insisting that, by characterizing all interest payments on an income tax deficiency of an individual as non-deductible, without excepting interest on a deficiency properly allocable to income from a trade or business, the Regulation is inconsistent with the plain wording of I.R.C. § 163(h). And a regulation that contradicts the plain meaning of the statute that it addresses, assert the Taxpayers, is invalid. Taxpayers further contend that the Treasury's issuance of the Regulation without following routine notice and comment procedures eschews the usual deference to which regulations promulgated by a federal agency are entitled under <u>Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.</u>[5] Finally, Taxpayers urge that it would be bad policy to allow a corporation to deduct interest paid on tax deficiencies related to income from a trade or business without affording non-corporate taxpayers the same privilege.

C.   <u>Contentions of the Commissioner</u>

The Commissioner supports the Tax Court's ruling in reliance on its own opinion in <u>Robinson</u>,[6] in which that court upheld the validity of the Regulation. The Commissioner first notes that all five courts of appeals that have addressed the Regulation have

---

[5]   467 U.S. 837 (1984).

[6]   119 T.C. 44 (2002).

5

upheld it.[7]  Next, the Commissioner takes issue with the Taxpayers' position on deference.  The Commissioner reiterates the well-known Chevron maxim that agency regulations are valid and must be upheld if they implement the related statute in some reasonable way or if they are "based on a permissible construction of the statute."[8] The Commissioner's deference argument continues to the effect that the Taxpayers' reliance on United States v. Mead Corp.[9] for the proposition that the Regulation is not entitled to Chevron deference because of its promulgation without formal notice or comment, is misplaced.[10]  The Commissioner urges us to apply the factors listed by the Supreme Court in Barnhart v. Walton[11] in considering the deference issue presented here.

The Commissioner notes that I.R.C. § 163(h) eliminates deductions of "personal interest" by non-corporate taxpayers, emphasizing that non-deductible "personal interest" includes "interest paid or accrued on indebtedness properly allocable to a

---

[7]  Allen v. United States, 173 F.3d 533 (4th Cir. 1999); McDonnell v. United States, 180 F.3d 721 (6th Cir. 1999); Kikalos v. Comm'r, 190 F.3d 791 (7th Cir. 1999); Miller v. United States, 65 F.3d 687 (8th Cir. 1995); Redlark v. Comm'r, 141 F.3d 936 (9th Cir. 1998).

[8]  Chevron USA, Inc., 467 U.S. at 843.

[9]  533 U.S. 318 (2001).

[10]  The Taxpayers assert that according to Mead, the Regulation should be evaluated under the less deferential standard established by the Supreme Court in Skidmore v. Swift & Co., 323 U.S. 134 (1994).

[11]  535 U.S. 212 (2002).

trade or business."[12]   The Commissioner observes that I.R.C. §
163(h) fails to specify a method of "properly" allocating interest
and does not purport to answer the question whether interest paid
on an underpayment of individual income tax is deemed to be
"properly allocable to a trade or business" when the interest is
paid on tax liability arising from adjustments to reported income
from an individual's non-corporate trade or business.   Thus,
concludes the Commissioner, I.R.C. § 163(h) is ambiguous because
the undefined term "properly allocable to a trade or business" is
susceptible of more than one reasonable interpretation.

In   contrast,   notes   the   Commissioner,   the   regulations
implementing I.R.C. § 163(h) do address the precise issue now
before us.   The Regulation provides that interest "[p]aid on
underpayments of individual Federal, State, or local income taxes
... regardless of the source of the income generating the tax
liability" is included in the category of non-deductible personal
interest.[13]   The Commissioner asserts that the Regulation does not
conflict with the language of the Code section; on the contrary,
the Regulation constitutes a reasonable position, because the duty
to pay one's individual income tax is not a business obligation but
a personal one.   As such, reasons the Commissioner, the payment of
interest resulting from a failure to pay such taxes in full when

---

[12]   I.R.C. § 163(h)(2)(A) (emphasis added).

[13]   Temp. Treas. Reg. § 1.163-9T(b)(2)(i)(A).

7

due is likewise personal, regardless of the origin of the underlying income.

As for pre-1986 jurisprudence, the Commissioner points out that the cases cited by the Taxpayers did not address whether an item of interest was deductible per se. In addition, urges the Commissioner, the pre-§163(h) case law did not contain any reasoned, persuasive analysis that would support the Taxpayers' position that interest on underpayments of personal income tax is a business expense when the individual taxpayer's income tax liability arose from income derived from his principal trade or business. And, not surprisingly, the Commissioner finds comfort in Robinson and all prior federal appellate cases on point.

The Commissioner's argument that we perceive to be most compelling is grounded in the General Explanation of the Tax Reform Act of 1986, the so-called "Blue Book," which was prepared by the staff of Congress's Joint Committee on Taxation. This publication states unequivocally that interest on underpayments of federal and state income taxes constitute personal interest (and are therefore not deductible), even when the income on which the tax is imposed was generated by a trade or business. The Tax Court in Robinson[14] and the five courts of appeals that have validated the Regulation[15] relied heavily on this statement in the Blue Book.

---

[14] T.C. 44 (2002).

[15] See supra note 6.

D.    Validity of the Regulation

Despite the forceful case advanced by counsel for the Taxpayers, we begin with trepidation in the face of the solid array of five federal courts of appeals that have validated the Regulation and none that has held to the contrary:  We are always chary to create a circuit split.  Adding to this daunting prospect is the Tax Court's Robinson decision to the same effect.[16]  It is in the context of that high hurdle that we read the Joint Tax Committee's explanation:

> Under the Act, personal interest is not deductible. Personal interest is any interest, other than interest incurred or continued in connection with the conduct of a trade or business (other than the trade or business of performing services as an employee), investment interest, or interest taken into account in computing the taxpayer's income or loss from passive activities for the year.  Thus, personal interest includes, for example, interest on a loan to purchase an automobile, interest on a loan to purchase a life insurance policy, and credit card interest, where such interest is not incurred or continued in connection with the conduct of a trade or business.  Personal interest also includes interest on underpayments of individual Federal, State or local income taxes notwithstanding that all or a portion of the income may have arisen in a trade or business, because such taxes are not considered derived from the conduct of a trade or business.[17]

We agree with the Commissioner's position that the Blue Book directly supports the Regulation:  Interest paid on an underpayment of an individual's income tax is personal interest, notwithstanding

---

[16]   119 T.C. 44 (2002).

[17]   Staff of the Joint Comm. on Taxation, 100th Cong., 1st Sess., General Explanation of the Tax Reform Act of 1986 266 (Comm. Print 1987) (emphasis added) (footnote omitted).

that the tax liability that generated the interest is owed on income from the Taxpayer's trade or business.

The Taxpayers are correct that, inasmuch as the Blue Book was prepared following the adoption of the statute that it explains, this publication is not binding authority. As the Eleventh Circuit said in Estate of Wallace v. Commissioner, however, the Blue Book provides "a valuable aid to understanding the statute."[18] The Commissioner properly reminds us that, in the absence of definitive legislative history —— as is the situation here —— substantial weight should be given to the Blue Book.[19] Importantly, the Regulation tracks the Blue Book, and must be sustained if it is "based on a permissible construction of the statute."[20]

Furthermore, congressional actions post-dating the promulgation of the Regulation have not revealed any disagreement or conflict with the Regulation's treatment of I.R.C. § 163(h).

---

[18] 965 F.2d 1038, 1050 n.15 (11th Cir. 1992). See also McDonald v. Comm'r, 764 F.2d 322, 336 n.25 (5th Cir. 1985) (stating that the Blue Book is "entitled to great respect").

[19] See, e.g., Federal Power Comm'r v. Memphis Light, Gas & Water Div., 411 U.S. 458, 472 (1973) (describing General Explanation of Tax Reform Act of 1965 as "compelling contemporary indication" of the effect of a provision). See also Estate of Hutchinson v. Comm'r, 765 F.2d 665, 670 (7th Cir. 1985) (concluding that Blue Book explanations are "highly indicative of what Congress did, in fact, intend" particularly when consistent with other evidence of legislative intent).

[20] NationsBank of N.C., N.A. v. Variable Annuity Life Ins. Co., 513 U.S. 251, 257 (1995) (quoting Chevron U.S.A., Inc. v. Natural Resources Defense Council, 467 U.S. 837, 843 (1984)).

When Congress modified the definition of "personal interest" in 1988, nothing said or done indicated dissatisfaction with the Regulation. Likewise, when Congress enacted OBRA in 1990,[21] affecting aspects of interest in the corporate arena, the Conference Committee report stated that "[i]ndividuals are not permitted to deduct personal interest. For this purpose, personal interest includes interest on underpayments of the individual's income taxes, even if all or a portion of the individual's income is attributable to a trade or business."[22]

Finally, we perceive logical support for concluding that the Regulation's augmentation of I.R.C. § 163(h) is reasonable — and thus valid — when it proscribes the deductibility of statutory interest paid by an individual taxpayer for prior delinquent or deficient payments of income tax. These and other statutory interest provisions of the I.R.C. and the Treasury regulations presumably serve the dual purpose of (1) encouraging full and timely payment of taxes, and (2) making the Treasury whole by replacing the value of the lost use of the funds between their due date and their subsequent receipt. If amounts paid by individual taxpayers as statutory interest on delinquencies were then allowed

---

[21] Omnibus Budget Reconciliation Act of 1990, Pub. L. No. 101-508 § 11341, 104 Stat. 1388, 1388-470 (codified as amended at 26 U.S.C. § 6621).

[22] H.R. Conf. Rep. No. 101-964, at 1100 (1990), reprinted in 1990 U.S.C.C.A.N. 2374, 2805. See Davis v. United States, 71 F. Supp. 2d 622 (W.D. Tex. 1999).

11

to be deducted against income in the year such interest is paid ——
thereby reducing taxes due to the Treasury for that year —— the
taxpayer's incentive to pay promptly and fully would be reduced by
the amount of the tax benefit provided to the taxpayer by such a
deduction. Likewise, the value of the amount recouped through
statutory interest to cover the Treasury's lost use of these tax
dollars during the period that the deficiency subsisted would be
diminished by the deduction of that interest and the concomitant
reduction in taxes collected by the Commissioner for the year of
the interest payment. When we assume (as we must) that rates of
statutory interest are reasonable, the _effective_ rate that would
result from allowing a subsequent deduction in the amount of the
statutory interest paid would, _per_ _force_, be less than reasonable.
The fact that a different treatment appertains to corporate
taxpayers is of no moment, given the innumerable differences in the
taxation of individuals and corporations.

In sum, after carefully considering these and the other
arguments advanced, on the one hand, by Taxpayers and, on the other
hand, by the Commissioner, we are satisfied that the Regulation is
valid, and that its rule —— that an individual's income tax
liability, regardless of the nature of the income giving rise to
the liability, is a personal, non-business obligation, so that
interest owed by the individual for failing timely and fully to pay
his tax obligations is also personal —— is reasonable. This result
is not affected by the fact that the interest obligation arises

12

from the individual taxpayer's deficiency for taxes owed on income that happens to have been derived from his trade or business.

## III.

### CONCLUSION

The Taxpayers' income from the prior years in question was derived from Attorney Alfaro's law practice, which is his principal trade or business. His obligation to pay taxes on that income, however, and thus the deficiency for failing to pay them in a full and timely manner, were personal. Consequently, the interest that Taxpayers paid on that personal tax deficiency was itself personal and thus not deductible under I.R.C. § 163(h), as reasonably interpreted by Temporary Treasury Regulation § 1.163-9T(b)(2)(i)(A). The Tax Court's ruling, validating the Regulation and upholding the deficiency assessed to the Taxpayers, is therefore

AFFIRMED.